**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOANNE KIMBROUGH and WILLIE J.
KIMBROUGH, SR.,

          **Plaintiff,**

-vs-                                                  Case No. 6:05-cv-471-Orl-31KRS

CITY OF COCOA, DAVID CRAWFORD,
WILLIAM GREGORY, WALTER BAKER,
TERRENCE A. GLOVER, MICHAEL J.
BADARACK, ANNA COX, RICHARD
GREGG, II, OFFICER DOBSON, PHILIP
B. WILLIAMS, BREVARD COUNTY,
PRISON HEALTH SERVICES, INC.,
AILEEN NORGELL, BEVERLY WOOD,
SANDY LATIER, PETER S. DOVGAN,
HEALTH FIRST PHYSICIANS, INC.,
CATHERINE L. GARDNER, CENTRAL
BREVARD RADIOLOGY, ABBAS
RABIEI, BREVARD NEPHROLOGY
GROUP, P.A., and CAPE CANAVERAL
HOSPITAL, INC.,

          **Defendants.**

## ORDER

This matter comes before the Court on the Plaintiffs, Joanne Kimbrough's and Willie J. Kimbrough, Sr.'s (the "Plaintiffs") Motion to Remand (Doc. 51), and the Defendant, Officer Dobson's ("Dobson") Response thereto (Doc. 77). For the reasons stated herein, the Plaintiffs' Motion is denied.

**I.      Background**

The Plaintiffs filed their original complaint in the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida, on February 6, 2004, asserting various state and federal causes of action arising from the death of Willie J. Kimbrough, Jr. ("Kimbrough").  That original complaint named approximately twenty defendants, not including Dobson, none of whom sought to remove the case to federal court.  The parties subsequently conducted depositions and exchanged paper discovery.  The Plaintiffs filed their second amended complaint (the "Second Amended Complaint") (Doc. 2) on March 7, 2005, naming two additional defendants, including Dobson.  Dobson was served on March 9, 2005, and filed his Notice of Removal (Doc. 1) on March 28, 2005.

The Plaintiffs now seek to remand this case to state court, asserting that Dobson's removal was untimely under the "first served" rule, and that Dobson cannot defeat the unanimity requirement because the claims against him are not separate and independent federal claims.[1]  In response, Dobson asserts that this Court should follow the "later served" rule, under which his

---

[1] Three other defendants also filed Motions to Remand: Cape Canaveral Hospital, Inc. ("CCH") (Doc. 59), and Peter S. Dovgan ("Dovgan") and Health First Physicians, Inc. ("Health First") (Doc. 62).  CCH adopts the Plaintiffs arguments in regard to the "first served" rule, and provides additional authority to that effect. (Doc. 59 at 2).  CCH also asserts that the claims against Dobson and other law enforcement defendants are separate and independent from the medical malpractice claims against CCH and other healthcare defendants, and thus argues, in the alternative, that the Court should remand all matters in which state law predominates. (*Id*. at 3).  Dovgan and Health First make essentially the same arguments as CCH, and incorporate CCH's Memorandum of Law in Support of Remand. (Doc. 62 at 1-3).  Dobson subsequently filed a Response (Doc. 78) to CCH's Motion to Remand.  The City of Cocoa and David Crawford also filed a Response (Doc. 79) to the Plaintiffs' Motion to Remand.

removal would be timely, and that the unanimity requirement does not apply because the Plaintiffs have alleged separate and independent claims.

## II.     Legal Analysis

There are several issues before the Court. The primary issue is whether Dobson's removal pursuant to 28 U.S.C. section 1441(c) was proper and whether he was required to follow the unanimity requirement in filing his Notice of Removal. If Dobson's removal was proper, the Court must decide whether that removal was timely under 28 U.S.C. section 1446(b).

A. Removal Pursuant to 28 U.S.C. section 1441(c)

In his Notice of Removal, Dobson notes that while the majority of the defendants in this case consented to removal,[2] five defendants, including Dovgan, Health First, Abbas Rabiel, M.D., Brevard Nephrology Group, P.A., and CCH (collectively, the "Non-Consenting Defendants") did not consent to removal. (Doc. 1 at 4-5). However, Dobson argues that his claims are separate and independent from those against the Non-Consenting Defendants, and thus asserts that their consent was not required.

The unanimity requirement "mandates that in cases involving multiple defendants, all defendants must consent to removal." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1044 (11th Cir. 2001). There are three exceptions to the unanimity requirement: "(1) the non-consenting defendants had not been served with process at the time the notice of removal was

---

[2] These consenting defendants include City of Cocoa, Florida; Chief David Crawford; Lieutenant William Gregory; Corporal Walter Baker; Officer Terrence A. Glover; Officer Michael J. Badarack; Sergeant Anna Cox; Officer Richard Gregg II; Brevard County Sheriff Philip B. Williams; Brevard County Sheriff's Office; Brevard County; Catherine L. Gardner, M.D.; Central Brevard Radiology, P.A.; Prison Health Services, Inc.; Aileen Norgell, M.D.; Beverly Wood, P.A.; and Sandy Latier, R.N.

filed; (2) the unconsenting defendants are nominal or formal defendants; or (3) removal is pursuant to [28 U.S.C.] § 1441(c)." *Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1329 (M.D. Fla. 2003).  Only the third exception, removal pursuant to 28 U.S.C. section 1441(c), is at issue here.

Title 28 U.S.C. section 1441(c) ("Section 1441(c)") provides:

Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c).  In order for Dobson's removal to have been proper, the claims against him and the defendants that consented to removal must be separate and independent from the claims against the Non-Consenting Defendants.

The Supreme Court has determined that "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under s[.] 1441(c)." *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 14 (1951).  Cases that involve the "violation of a single primary right or wherein a party seeks redress for one legal wrong cannot contain separate and independent claims, despite multiple theories of liability against multiple defendants." *Bd. of Regents of the Univ. of Tex. Sys. v. Walker*, 142 F.3d 813, 817 (5th Cir. 1998).   To make this determination, courts examine the plaintiff's pleading.  *Am. Fire & Cas.*, 341 U.S. at 14.

As evidenced by the nature of the Plaintiffs' claims and the time line on which the relevant events occurred, this case involves several separate allegedly wrongful acts.[3]  The Plaintiffs allege

---

[3] In thirty-three separate counts, the Plaintiffs state causes of action against the various defendants, including claims for violations of 42 U.S.C. section 1983, claims for wrongful death

that the relevant events began on November 30, 2002, when Kimbrough was chased, caught, beaten, and then arrested by several defendants. After being arrested, Kimbrough was brought to a holding cell at the Cocoa Police Department, where, despite his pleas for medical attention, certain defendants failed to provide him with medical care. These events give rise to claims for violations of 42 U.S.C. section 1983 and to claims for wrongful death against the City of Cocoa (Counts 1 and 10), Gregory (Counts 2 and 11), Baker (Counts 3 and 12), Glover (Counts 4 and 13), Badarack (Counts 5 and 14), Cox (Counts 6 and 15), Gregg (Counts 7 and 16), Dobson (Counts 8 and 17) and Crawford (Count 9 - violation of 42 U.S.C. § 1983 only).

The Plaintiffs then allege that on December 1, 2002, Kimbrough was transported to the "BCDC," where he was held to await formal charges, during which time, despite a variety of requests for medical attention, certain defendants failed to monitor Kimbrough's condition, failed to diagnose his condition, and failed to transfer him to a hospital for treatment. These events give rise to claims for violations of 42 U.S.C. section 1983, claims for wrongful death, and claims for negligence (medical malpractice) against Brevard County (Count 18 - wrongful death; Count 20 -

---

pursuant to the Florida Wrongful Death Act (F.S. §§ 768.16 - 768.27), and claims for negligence, as follows: Counts 1-9, and 20-22, asserting violations of 42 U.S.C. section 1983 (all of which allege violations of Kimbrough's Fourth, Fifth, Eighth and Fourteenth Amendment rights), are brought against the City of Cocoa, Lieutenant William Gregory ("Gregory"), Corporal Walter Baker ("Baker"), Officer Terrence Glover ("Glover"), Officer Michael Badarack ("Badarack"), Sergeant Anna Cox ("Cox"), Officer Richard Gregg II ("Gregg"), Dobson, Chief David Crawford ("Crawford"), Brevard County, Sheriff Philip B. Williams ("Williams"), and Prison Health Services, Inc. ("PHS"); Counts 10-19, asserting claims for wrongful death, are brought against the City of Cocoa, Gregory, Baker, Glover, Badarack, Cox, Gregg, Dobson, Brevard County, and Philip Williams; Counts 23-33, asserting negligence (medical malpractice), are brought against Dovgan, Health First, Catherine L. Gardner M.D. ("Gardner"), Brevard Radiology P.A. ("Brevard Radiology"), Abbas Rabiel M.D. ("Rabiel"), Brevard Nephrology Group P.A. ("Brevard Nephrology"), CCH, Aileen Norgell M.D. ("Norgell"), Beverly Wood P.A. ("Wood"), Sandy Latier R.N. ("Latier"), and PHS.

violation of 42 U.S.C. § 1983), PHS (Count 22 - violation of 42 U.S.C. § 1983; Count 33 - negligence), Norgell (Count 30 - negligence), Wood (Count 31 - negligence), Latier (Count 32 - negligence) and Williams (Count 19 - wrongful death; Count 21 - violation of 42 U.S.C. § 1983).

Finally, the Plaintiffs allege that Kimbrough bonded out of jail on the morning of December 4, 2002, and was brought to CCH, where medical treatment was administered, during which time Kimbrough's condition deteriorated and he ultimately died. Thus, the Plaintiffs claim that certain defendants failed to diagnose Kimbrough's condition, and failed to care for and provide medical treatment in accordance with accepted standards of care for physicians and hospitals. Accordingly, this sequence of events gives rise to claims for negligence (medical malpractice) against CCH (Count 29), Dovgan (Count 23), Health First (Count 24), Gardner (Count 25), Brevard Radiology (Count 26), Rabiel (Count 27), and Brevard Nephrology (Count 28).

The Plaintiffs' Complaint, the wrongful acts alleged therein, and the defendants against which the various causes of action are asserted may be therefore divided into three groups. Each group alleges particular wrongful acts against Kimbrough that occurred during discrete time periods, and each group alleges that a discrete group of defendants are liable for those respective wrongful acts. These groups do not overlap in the type of harm alleged,[4] the relevant time period, or the group of defendants against which they are asserted.

---

[4] The claims against Norgell, Wood, Latier and PHS arising from the events on December 1 at "BCDC" sound in negligence (medical malpractice), as do the claims against CCH, Dovgan, Health First, Gardner, Brevard Radiology, Rabiel, and Brevard Nephrology, which arise from the events on December 4 at CCH. However, a review of the Complaint shows that the claims arising out of the events on December 1 arise from the alleged failure to provide medical care while Kimbrough was at "BCDC," whereas the claims arising out of the events on December 4 are as a result of alleged malpractice in the diagnosis, care and treatment of Kimbrough while he was at CCH.

This case is therefore distinguishable from those cases finding that where multiple acts by multiple defendants contributed to an end result there were no separate and independent causes of action.  *See In re City of Mobile*, 75 F.3d 605, 606, 608 (11th Cir. 1996) (plaintiff sustained injuries resulting from car crash when individual crashed into plaintiff while individual was being chased by police; claims for, *inter alia*, negligence and violations of 42 U.S.C. § 1983 were brought against individual driver and police officer, but were not separate and independent because they were asserted as result of single wrong based on common event); *Muhammad v. City of Tuskegee*, 76 F. Supp. 2d 1293, 1294-96 (M.D. Ala. 1999) (state law claims and claims for violations of 42 U.S.C. § 1983 against officer, police chief and city, arising out of alleged detainment of plaintiff by single officer were not separate and independent because they arose out of single event allegedly occurring on single day); *Duncan v. City of Golden Beach*, 662 F. Supp. 974, 975 (S.D. Fla. 1987) (claims arising out of death due to car accident during police chase were not separate or independent, where certain defendants were alleged to have caused accident by crashing into decedent's car, and other defendants were alleged to have negligently installed guardrail; plaintiff sought recovery for "only one wrong:" the decedent's death, which death was "alleged to have occurred as a result of an interlocking series of transactions involving primarily the same facts").  Those cases involve a single event, such as a car crash during a police pursuit, or a detainment by police, and all of the alleged wrongs arise from that single event.  In this case, however, there are multiple discrete events involving discrete sets of defendants, each of which is addressed under different theories of legal liability, and therefore this is not a case involving a "single wrong based on a common event or transaction" (*City of Mobile*, 75 F.3d at 608), nor would proof of the various causes of action involve "substantially the same facts," (*Walker*, 142

F.3d at 817). Accordingly, the Plaintiffs' Complaint sets out separate and independent causes of action.

Because the Complaint states separate and independent causes of action, removal was proper under Section 1441(c). Removal under Section 1441(c) is an exception to the unanimity requirement, and thus Dobson was not required to obtain the consent of all defendants in order to remove this case.[5]

B. Timeliness Under 28 U.S.C. § 1446(b)

The parties dispute whether Dobson timely filed his Notice of Removal under 28 U.S.C. section 1446(b) ("Section 1446(b)"). The Plaintiffs assert that because Dobson seeks to remove this case more than thirty days after it was originally filed and after other defendants failed to remove the case, that Dobson's removal was untimely under the "first served" rule. Dobson argues that this Court should instead apply the "later served" rule, and thereby find his removal timely because it was filed within 30 days of the time that he was served with the complaint. The timeliness of Dobson's removal thus depends on whether the Court follows the "first served" or "later served" rule for removal under Section 1446(b).

Section 1446(b) provides that

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever is shorter.

---

[5] Dobson did, however, obtain the consent of all of the defendants other than the Non-Consenting Defendants, and in doing so, obtained the consent of all defendants the claims against whom are separate and independent from those against the Non-Consenting Defendants.

28 U.S.C. § 1446(b). Courts have adopted two approaches for cases involving multiple filings upon multiple defendants. One approach is the "first served" (or "single date of removal") rule, which

> provides that in cases involving multiple defendants, the thirty day period begins to run as soon as the first defendant is served (provided the case is then removable). Thus, if the defendant who was served first fails to remove within thirty days, a subsequently served defendant may not remove even with the first defendant's consent.

*Diebel v. S.B. Trucking Co.*, 262 F. Supp. 2d 1319, 1327 (M.D. Fla. 2003) (internal citation and quotations omitted). The second approach is the "later served" rule, under which "a later-served defendant has thirty days from his receipt of service to remove, with the consent of the other defendants." *Id*. (internal citation and quotation omitted).

There is a split among the Circuit Courts as to which rule is appropriate. The Fifth Circuit, as stated in *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986) and *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262-63 (5th Cir. 1988), adheres to the "first served" rule. The Fourth and Sixth Circuits follow the "later served" rule. *McKinney v. Bd. of Trustees of Mayland Cmty. Coll.*, 955 F.2d 924, 928 (4th Cir. 1992); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 (6th Cir. 1999).[6] The Eleventh Circuit has not ruled on this issue, (*Adams v.*

---

[6] The Eighth Circuit has found that "neither position is particularly compelling," (*Marano Enter. of Kans. v. Z-Teca Rest., L.P.*, 245 F.3d 753, 756 (8th Cir. 2001)), but adopted the "later served" rule based on *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999), where the Supreme Court stated that "'[a]n individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.'" *Marano*, 245 F.3d at 756 (*citing Murphy Bros.*, 526 U.S. at 347). The Eight Circuit concluded that the Supreme Court "would allow each defendant thirty days after receiving service within which to file a notice of removal, regardless of when -- or if -- previously served defendants had filed such notices." *Id*.

*Charter Communications VII, LLC*, 356 F. Supp. 2d 1268, 1272 (M.D. Ala. 2005)), and the District Courts within this Circuit, and within Florida, are split. *See Smith v. Health Ctr. of Lake City, Inc.*, 252 F. Supp. 2d 1336, 1345-46 (M.D. Fla. 2003) ("first served" rule); *Collings v. E-Z Serve Convenience Stores, Inc.*, 936 F. Supp. 892, 895 (N.D. Fla 1996) ("later served" rule); *Faulk v. Superior Indus. Int'l, Inc.*, 851 F. Supp. 457, 459 (M.D. Fla. 1994) (adopting "first served" rule); *Noble v. Bradford Marine, Inc.*, 789 F. Supp. 395, 397 (S.D. Fla. 1992) ("first served" rule).[7] This Court has found that *Getty Oil*'s holding (that "in cases involving multiple defendants, the thirty-day period begins to run as soon as the first defendant is served," *Getty Oil*, 841 F.2d at 1262-63) "does not follow," and has allowed a later-served defendant to file a notice of removal more than thirty days after service on the first-served defendant. *Liboy v. Rogero, et al.*, Case No. 6:04-cv-30-Orl-31JGG, Doc. 13 (M.D. Fla. March 20, 2004).

The Court finds the "later served" rule more appropriate, for the reasons stated in cases such as *McKinney* and *Collings*. First, Section 1446(b) simply states that "the defendant" must file a notice of removal within thirty days. That section does not contemplate multiple defendants, nor does it give any indication that later-served defendants have less than the full thirty days after they receive service in which to file their own notice of removal. *McKinney*, 955 F.2d at 926. "Thus, Courts holding that a later-joined defendant is barred from removal read the words "first served" into the statute." *Collings*, 936 F. Supp. at 894; *Brierly*, 184 F.3d at 533. If Congress had

---

[7] Even in cases nearly on-point, where a plaintiff amends the complaint to add a new defendant, who promptly removes the case, District Courts in Florida are split. *See Noble*, 789 F. Supp. at 397 ("first served"); *Collings*, 936 F. Supp. at 895 ("later served").

-10-

intended that the thirty day removal period commence at the time of service on the first-served defendant, Congress could have made that intent clear. *Brierly*, 184 F.3d at 533.

Second, and perhaps more importantly, establishing a fixed deadline for all defendants based on the time that the first-served defendant is served would lead to inequitable results. *McKinney*, 955 F.2d at 927; *Collings*, 936 F. Supp. at 895. Such a rule would allow plaintiffs to avoid removal simply by delaying the time they serve process upon a defendant that the plaintiffs knows (or presumes) would attempt to seek removal. Requiring a later-served defendant to be bound by the decisions of earlier-served defendants is particularly inequitable in circumstances such as those in the instant case, where the removing defendant was brought into the case by an amended complaint more than a year after the original complaint was filed, because to apply the "first served" rule in such a case would essentially foreclose the later-served defendant's opportunity to remove before he was even brought into the case. "This cannot be what Congress had in mind. Congress created the removal process to protect defendants. It did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it." *McKinney*, 955 F.2d at 928 (internal citation and quotation omitted).

Dobson was served on March 9, 2005, and filed his Notice of Removal on March 28, 2005, within the thirty day time period prescribed by Section 1446(b). Therefore, under the "later served" rule, which this Court adopts, Dobson's removal was timely.

### III.   Conclusion

Because the Plaintiffs' Complaint includes separate and independent causes of action, Dobson was not required to obtain unanimous consent to removal among the defendants in this case, and thus his removal was proper under 28 U.S.C. section 1441(c). Further, under the "later

-11-

served" rule, Dobson's Notice of Removal was timely filed under Section 1446(b).[8]  Accordingly it is

**ORDERED THAT** the Plaintiffs' Motion to Remand (Doc. 51), CCH's Motion to Remand (Doc. 59), and Dovgan's and Health First's Motion to Remand (Doc. 62) are DENIED. The Plaintiffs' Motions at Doc. 80 and Doc. 81 are DENIED as moot.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 5, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[8] 28 U.S.C. section 1441(c) provides that this Court may determine all of the issues in a case removed pursuant to that section.  Thus the Court declines to remand certain claims, particularly the negligence (medical malpractice) claims.  However, the Court reserves the right to sever these causes of action at a later time.