**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JOANNE KIMBROUGH and WILLIE J. KIMBROUGH, SR.,**

      **Plaintiff,**

**-vs-**	Case No.  6:05-cv-471-Orl-31KRS

**CITY OF COCOA, DAVID CRAWFORD, et al.,**

      **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **MOTION FOR DEFAULT (Doc. No. 195)**
>
> **FILED:**      **January 31, 2006**
>
> _____
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

Plaintiffs seek entry of default against Defendant David Crawford because he did not timely respond to the Third Amended Complaint.  Crawford responds that he has never been served with process in his individual capacity.

There is no proof of service of process on Crawford in the Court's file.  The Court's order entered June 8, 2005 (doc. no. 113) states that the individual capacity claims against Crawford "remain viable," but it did not expressly resolve the question of whether Crawford had been properly served with respect to claims against him in his individual capacity.  Plaintiffs cite no other law in support

of the proposition that the appearance of a defendant in his official capacity relieves a plaintiff from serving the defendant personally to the extent that there are also claims against the defendant in his individual capacity.  I note that in *Jackson v. Hayakawa*, 682 F.2d 1344, 1348 (9th Cir. 1982), the United States Court of Appeals for the Ninth Circuit, relying on case law from the United States Court of Appeals for the Fifth Circuit, found that an amended complaint that changes the status of the defendant by adding individual capacity claims to preexisting official capacity claims must be personally served on a defendant to comply with the due process requirement of notice.

Accordingly, it is **ORDERED** that Plaintiffs shall file and serve proof of service of process on Defendant Crawford in his individual capacity, or a memorandum of law establishing that Defendant Crawford's appearance in this case is sufficient to waive any objection he may have to the sufficiency of service of process, on or before March 10, 2006.

**DONE** and **ORDERED** in Orlando, Florida on February 24, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties