**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JOANNE KIMBROUGH and WILLIE J.
KIMBROUGH, SR. et al.,

                **Plaintiff,**

-vs-                                        Case No. 6:05-cv-471-Orl-31KRS

CITY OF COCOA, et al.,

                **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** PLAINTIFFS' MOTION TO COMPEL DISCOVERY AND TO SHORTEN TIME (Doc. No. 241)
>
> **FILED:** April 28, 2006
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiffs seek an order compelling Defendant Prison Health Services, Inc. ("PHS"), Aileen Norgell, Beverly Wood and Sandy Latier (collectively the "PHS Defendants") to produce documents responsive to Plaintiffs' requests for production of documents, and to provide further responses to Plaintiffs' interrogatories. The motion also seeks an order requiring the PHS Defendants to respond to requests for production of documents that the Plaintiffs did not serve until March 31, 2006. *See* Doc. No. 241, ex. 18.

1. March 31, 2006, Requests for Production of Documents.

Turning first to the request to require the PHS Defendants to respond to the requests for production of documents served on March 31, 2006, doc. no. 241, ex. 18, I note that discovery closed in this case on April 28, 2006. The Case Management and Scheduling Order provides that "[e]ach party shall timely serve discovery requests so that the Rules allow for a response prior to the discovery deadline." Doc. No. 124 at 3. Federal Rule of Civil Procedure 34 provides that responses to such requests are due within thirty days after service, unless the parties agree to or the Court orders a different due date. Thus, the response to the requests for production of documents was not due until after the discovery deadline.

Plaintiffs argue that the Court should, nevertheless, require the PHS Defendants to respond to the March 31 2006, requests for production of documents, but they provide no explanation for the failure to serve these requests in a more timely manner. Having failed to obtain leave to serve the requests for production of documents belatedly, and having failed to show good cause for the belated service of these requests, the motion to compel responses to the request for production of documents served on March 31, 2006 is not well taken.

2. Interrogatories.

Plaintiffs served separate sets of interrogatories on Norgell, doc. no. 241, exs. 10 and 11, Latier, *id.*, exs. 12 and 13, Wood, *id.,* exs. 14 and 15,[1] and Prison Health Services, *id.*, exs. 16 and 17. Each of the PHS Defendants contends that the number of interrogatories served exceeds the total number permitted by the rules of this Court.

---

[1] The interrogatories to the individual defendants are identical.

Case 6:05-cv-00471-GAP-DAB   Document 284   Filed 05/31/06   Page 3 of 5 PageID 2543

Federal Rule of Civil Procedure 33 provides that "any party may serve on any other party written interrogatories, not exceeding 25 in number, including all discrete subparts . . . ." The interrogatories served on each of the PHS Defendants exceed twenty-five in number because most of the interrogatories contain several discrete subparts.

For example, in the interrogatories served on Norgell on March 14, 2006, interrogatory number 3 is composed of five parts and subparts, as follows:

> 3. [1] Do you contend any person or entity other than you is, or may be liable in whole or part for the claims asserted against you in this lawsuit? [2] If so, state the [full] name and address of each such person or entity, [3] the legal basis for you[r] contention, [4] the facts or evidence upon which your contention is based, and [5] whether or not you have notified each such person or entity of your contention.

Doc. No. 241, ex. 10 at 5; *see also id*., ex. 12 at 5 (interrogatories to Latier); *id*., ex. 14 at 5 (interrogatories to Wood).

Similarly, in the same set of interrogatories, interrogatory number 4 has two parts and subparts, as follows:

> 4. [1] List the names and address of all person[s] who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; [2] and specify the subject matter about which the witness has knowledge.

*Id*.

This same method of counting parts and subparts of interrogatories reveals that Plaintiffs served more than twenty-five interrogatories on each of the PHS Defendants, without leave of Court or agreement among the parties to do so. The Court will not compel responses to interrogatories that exceed the permitted number.

3.      Requests for Production of Documents.

Plaintiffs timely served five requests for production of documents on PHS, two requests for production of documents on Wood, and one request for production of documents on Latier and Norgell, respectively. Doc. No. 241, exs. 1, 2, 3, 5, 6, 7, 8, 9.[2] It is difficult to determine from the motion and response thereto what is still in dispute, because the responses indicate that certain responsive documents would be produced. Furthermore, the PHS Defendants rely upon various claims of privilege and protection, but they provided no privilege log or memorandum of law discussing the elements of the privileges and how they are applicable to the documents at issue.

Accordingly, the motion with respect to the requests for production of documents that were timely served, doc. no. 241, exs. 1, 2, 3, 5, 6, 7, 8, 9, is denied without prejudice to renewing it, if necessary, on or before June 9, 2006. Before filing a renewed motion, counsel shall confer in a good faith attempt to resolve the pending issues. Any renewed motion must comply with Middle District of Florida Local Rules 3.01(a), 3.01(g) and 3.04[3], as recently amended.

In responding to any such motion, counsel for the PHS Defendants need not again quote the disputed discovery requests and responses. However, counsel for the PHS Defendants must file and serve with their responses a privilege log setting forth the privilege or protection claimed as to each responsive document withheld on the basis of privilege or protection, and an appendix

---

[2] The motion indicates that six requests for production were served on PHS and three on Norgell. However, the exhibits to the motion do not include exhibit number 4, which purportedly represents a request for production served on both PHS and Wood on March 2, 2006. Doc. No. 241 at 2.

[3] Rule 3.04 requires that the movant quote the disputed discovery requests and responses thereto. It is not proper simply to attach the discovery requests and responses as exhibits to the motion.

of evidence sufficient to establish a *prima facie* showing that the documents are privileged or protected.[4] The parties shall not submit documents for *in camera* review unless requested by the Court.

**DONE** and **ORDERED** in Orlando, Florida on May 31, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[4] A privilege log must identify each document withheld pursuant to a claim of privilege or protection by date, author, recipients (including recipients of copies), specific privilege or protection claimed and describe the subject matter of each document in sufficient detail to permit opposing counsel and the Court to assess the applicability of the claimed privilege or protection. Fed. R. Civ. P. 26(b)(5); *Golden Trade S.r.L. v. Lee Apparel Co.*, Nos. 90 Civ. 6291 (JMC), 90 Civ. 6292 (JMC) and 92 Civ. 1667 (JMC), 1992 WL 367070, at *5, (S.D.N.Y. Nov. 2,1992) (quoting *von Bulow v. von Bulow*, 811 F.2d 136, 144 (2d Cir. 1987)). The party asserting the privilege must support the privilege log with "affidavits, deposition testimony, other sworn statements or other evidence" upon which it relies to support each element of each asserted privilege or protection in dispute. *See CSX Transp., Inc. v. Admiral Ins. Co.*, No. 93-132-CIV-J-10, 1995 WL 855421, at * 5 (M.D. Fla. July 20, 1995). This appendix shall be organized so that the evidence submitted in support of the privilege or protection asserted is specifically correlated with the document to which the evidence applies.