# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOANNE KIMBROUGH and WILLIE J.
KIMBROUGH, SR. et al.,

                    **Plaintiff,**

-vs-                                  **Case No.  6:05-cv-471-Orl-31KRS**

CITY OF COCOA, DAVID CRAWFORD,
WILLIAM GREGORY, WALTER BAKER,
TERRENCE A. GLOVER, MICHAEL J.
BADARACK, ANNA COX, RICHARD
GREGG, II, OFFICER DOBSON, JACK
PARKER, BREVARD COUNTY
SHERIFF'S OFFICE, BREVARD
COUNTY, PRISON HEALTH SERVICES,
INC., AILEEN NORGELL, BEVERLY
WOOD, SANDY LATIER, PETER S.
DOVGAN, HEALTH FIRST PHYSICIANS,
INC., CATHERINE L. GARDNER,
CENTRAL BREVARD RADIOLOGY,
ABBAS RABIEI, BREVARD
NEPHROLOGY GROUP, P.A., and CAPE
CANAVERAL HOSPITAL, INC.,

                    **Defendants.**

---

# ORDER

     Defendant, David Crawford ("Crawford"), moves the Court to dismiss Count Nine of

Plaintiffs' Third Amended Complaint pursuant to Federal Rules of Civil Procedure 4, 12(b)(4),

and 12(b)(5), arguing that Plaintiffs' service on him was insufficient as a matter of law.[1]

---

[1]Crawford's Motion appears at Doc. 239. Plaintiffs' Third Amended Complaint appears at Doc. 121-1.

Rule 4(m) of the Federal Rules of Civil Procedure ("Rule 4") provides, in relevant part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss without prejudice as to that defendant or direct that service be effected within a specified time; provided that the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The expiration of the 120 days does not result in an automatic dismissal. *See United States v. Gluklick*, 801 F.2d 834, 837 (6th Cir. 1986), *cert. denied* 480 U.S. 919 (1987). While Rule 4 places the responsibility of service on the plaintiff, a dismissal for failure to effect service during the 120-day period, or for making service improperly, requires a motion. Fed. R. Civ. P. 4(c)(1).

When considering a motion to dismiss for insufficiency of service of process, "the burden of proof lies with the party raising the challenge." *People of the State of New York ex rel. Spitzer v. Operation Rescue Nat'l*, 69 F.Supp.2d 408, 416 (W.D. N.Y. 1999); *see also Bally Exp. Corp. v. Balicar, Ltd.*, 804 F.2d 398, 404 (7th Cir.1986). Accordingly, the burden is on the Defendant to show that he did not receive proper notice of Plaintiffs' claims against him. Objections to service must be specific and must point out in what manner the plaintiff has failed to satisfy the service provision utilized. *Operation Rescue Nat'l*, 69 F.Supp.2d at 416.

The action commenced with Plaintiffs' filing suit in the Circuit Court of the Eighteenth Judicial Circuit of Brevard County, Florida on February 6, 2004. At that time no claims existed against Crawford in his individual capacity.[2] On March 17, 2004 service was perfected as to claims

---

[2]Crawford was named only in his official capacity. Several other defendants were named in both their official and individual capacities . (*See* Doc. 199-2 at 1, 14-15, and Doc. 199-3 at 1).

against Crawford in his official capacity. (Doc. 265-2 at 1). On March 7, 2005, nearly one year after service upon Crawford for claims in his official capacity, Plaintiffs filed their Second Amended Complaint, which included the first claims filed against Crawford in his individual capacity. (Doc. 265-2 at 1). On March 28, 2005, the matter was removed to this Court. (Doc. 1-1 at 2). Crawford subsequently moved to dismiss all claims brought against him in his official capacity, (Doc. 64 at 1),[3] and on June 8, 2005, this Court issued an Order that dismissed Plaintiffs' claims against Crawford in his official capacity. (Doc. 113 at 14, 15).

Generally, in cases removed from state court, service in the state court action follows state law and the personal jurisdiction it obtains is perfected before removal. Fed. R. Civ. P. 4 and cmt. C4-38. Where, as here, a party served in the state court action has removed the case to federal court before all defendants could be served, a plaintiff can use Rule 4 to complete service and a new 120-day period for service of process commences at the date of removal. Fed. R. Civ. P. 4 and cmt. C4-20, Fed. R. Civ. P. 81(c); *see also Motsinger v. Flynt*, 119 F.R.D. 373, 377 (M.D.N.C. 1988); *Ritts v. Dealers Alliance Credit Corp.*, 989 F. Supp. 1475, 1478 (N.D. Ga. 1997); *Alber v. Ill. Dep't of Mental Health*, 786 F.Supp. 1340, 1376 (N.D. Ill. 1992). Thus, Plaintiffs here could have served Crawford in his individual capacity without moving for an extension before July 26, 2005 (i.e. 120 days following removal).

---

[3]In Crawford's Motion to Dismiss Plaintiffs' Complaint In His Official Capacity, he briefly responded to the claims against him in his individual capacity by stating that he was not a proper party because no individual capacity claims against him existed when the summons was served on March 17, 2004, and argued that there could be no obligation to respond to Plaintiffs' individual capacity allegations where no summons had been issued and served upon him. (Doc. 64 at 1 n.1).

Plaintiffs failed to serve Crawford in his individual capacity with the Second Amended

Complaint within the 120 days mandated by Rule 4. Nevertheless, Rule 4 requires this Court to

extend the limited period for service where "good cause" is shown. Fed. R. Civ. P. 4(m). Good

cause requires a showing of good faith on the part of the party seeking an extension, and exists

when an outside factor such as reliance on faulty advice, catastrophe, or illness, rather than

inadvertence or negligence, prevented service. *Madison v. B.P. Oil Co.*, 928 F. Supp. 1132, 1137

(S.D. Ala. 1996). Rather than demonstrate good cause, Plaintiffs continue to argue that it is "clear

the original complaint filed in state court sued Crawford in both his individual and official

capacities." (Doc. 265-1 at 2). However, that argument was flatly rejected by Magistrate Judge

Spaulding's Order entered February 24, 2006, dismissing Plaintiffs' Motion For Default. (Doc.

201 at 1).[4] To date, Plaintiffs have not submitted any relevant law in support of the proposition that

the appearance of a defendant in his official capacity relieves a plaintiff from personally serving

the defendant for claims in his individual capacity. Therefore, because Plaintiffs never requested

an enlargement of time to effectuate service and have not proffered any justification for their

failure to comply with this procedural requirement, the Court finds that good cause does not exist

to extend time for service. *Horenkamp v. Van Winkle and Co., Inc.*, 402 F.3d 1129, 1132; *Lua v.*

*Klinger,* 46 F.Supp.2d 1377 (S.D. Ga. 1999); *Lowe v. Hart*, 157 F.R.D. 550, 553 (M.D. Fla. 1994)

---

[4] The Magistrate Judge's ruling found no record of service of process upon Crawford in his individual capacity and ordered Plaintiffs to either file and serve proof of service of process on Crawford in his individual capacity, or file a memorandum to establish that his previous appearances in this case were sufficient to waive any objection to the sufficiency of service of process by March 10, 2006. (Doc. 201 at 2).

-4-

(dismissing case where plaintiff provided no "good cause" beyond simple inadvertence, mistake of counsel, or ignorance of the rules).

However, Plaintiffs urge the Court to permit Count Nine to remain viable because dismissal would bar a subsequent refiling due to the applicable statute of limitations. Even though Rule 4(m) "grants discretion to the district court[s] to extend the time for service even in the absence of a showing of good cause," *Horenkamp*, 402 F.3d at 1132, the running of the statute of limitations does not require a district court to extend the time for service of process.[5] *Id*. at 1133; *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3rd Cir. 1995); *see also Cox v. Ariz. League of Prof'l Baseball Clubs, Inc.*, 151 F.R.D. 436 (M.D. Fla. 1993) (granting motion to dismiss notwithstanding expiration of statute of limitations). Plaintiffs' argument in this regard would be more compelling if Crawford had not twice notified Plaintiffs of their failure to serve Crawford before the 120-day period expired. (Docs. 64 at 1 n.1, 79 at 1 n.1). This Court similarly brought the service of process issues to Plaintiffs' attention, within the 120-day period, in its Order entered June 8, 2005. (Doc. 113 at 15). And finally, Magistrate Judge Spaulding's Order entered February 24, 2006 provided Plaintiffs with an additional opportunity to serve Crawford by its March 10, 2006 deadline. (Doc. 201 at 2). Instead of serving Crawford, Plaintiffs chose to submit a memorandum reiterating their insistence that Crawford was properly served in his individual capacity on March 17, 2004, a date 347 days before Plaintiffs' Second Amended Complaint changed Crawford's status by adding individual capacity claims to preexisting official capacity

---

[5] The Court may not consider the fact that the statute of limitations has run until after examining issues of good cause. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1306 (3rd Cir. 1995). Once the Court determines that good cause does not exist, as here, then the Court may consider whether the running of the statute of limitations warrants granting an extension of time. *Id*.

claims. Therefore, under these facts, the Court finds that the running of the applicable statute of limitations does not merit further opportunity to perfect service.

"Neither actual notice nor simply naming the person in the caption of the complaint will subject defendants to personal jurisdiction if service was not made in substantial compliance with Rule 4." *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1982) (internal citations omitted). In the absence of a voluntary appearance or waiver, Plaintiffs were required to personally serve Crawford in his individual capacity to comply with the due process requirement of notice. Despite multiple opportunities, they failed to do so. Accordingly, it is

**ORDERED THAT** Crawford's Motion To Dismiss Count Nine (Doc. 239) is **GRANTED**. David Crawford, in his individual capacity, is hereby **DISMISSED** as a party to this lawsuit.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 6, 2006.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE