# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOANNE KIMBROUGH and WILLIE J. KIMBROUGH, SR. et al.,**

      **Plaintiff,**

**-vs-**     Case No. 6:05-cv-471-Orl-31KRS

**CITY OF COCOA, et al.,**

      **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION REQUESTING LEAVE TO ATTEND BY TELEPHONE (Doc. No. 493)** |
| **FILED:** | **November 27, 2006** |

| | |
|---|---|
| **MOTION:** | **MOTION TO QUASH SUBPOENA SERVED ON NON-PARTY WITNESS MARY C. DELUCIO (Doc. No. 497)** |
| **FILED:** | **November 27, 2006** |

The plaintiffs served a "Subpoena for Hearing" on non-party witness Mary C. Delucio, f/k/a Mary C. Blue-Crowe that requires Ms. Delucio to appear and give testimony at the office of a court reporter in Indianapolis, IN, for the hearing on Plaintiff's Third Amended Motion for Sanctions for Spoliation of Evidence, doc. no. 390, which is set for November 29, 2006, before the undersigned.

The subpoena is invalid for several reasons. First, the subpoena was served beyond the geographical limits of Federal Rule of Civil Procedure 45(b)(1). It also does not set out the text of Rule 45(c) and (d), as required by Rule 45(a)(1)(D).

Second, Ms. Delucio avers that she has never been contacted to make arrangements to appear at the hearing, nor has she been given witness fees and mileage as required by Rule 45(b)(1). Doc. No. 497-3 (Delucio Aff.) ¶¶ 5-6.

Third, the subpoena purports to compel Ms. Delucio to appear at a court reporter's office to give testimony, despite the fact that the Notice of Hearing specifically commanded that "[i]ndividuals who wish to present testimony or argument must personally appear before the Court," doc. no. 464. It was not until after counsel for Ms. Delucio filed a motion for special admission, and communicated with counsel for the plaintiffs, that the plaintiffs filed the present motion for leave for Ms. Delucio to appear telephonically. It is wholly inappropriate to issue a subpoena requiring a witness to appear for a telephonic appearance which has not previously been authorized by the Court.

Fourth, Ms. Delucio is unavailable at the time set for the hearing because of preexisting service obligations with the Indiana Army National Guard. Delucio Aff. ¶ 7. Rule 45(c)(3)(A)(iv) permits a court to quash a subpoena that would subject a person to undue burden.

For the foregoing reasons, the Motion to Quash Subpoena Served on Non-Party Witness Mary C. Delucio, doc. no. 497, is **GRANTED**. The "Subpoena For Hearing" issued by the plaintiffs in this matter is **QUASHED**. Ms. Delucio need not appear at the hearing set for November 29, 2006, in person or telephonically.

Additionally, the Motion Requesting Leave to Attend By Telephone, doc. no. 493, is **DENIED**. The motion is not supported by a memorandum as required by Local Rule 3.01(a), nor does it certify compliance with Local Rule 3.01(g). More importantly, as discussed above, the witness is not available to provide testimony during the hearing.

**DONE** and **ORDERED** in Orlando, Florida on November 27, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties