# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JOANNE KIMBROUGH and WILLIE J.
KIMBROUGH, SR. et al.,

                     **Plaintiff,**

-vs-                                  **Case No.  6:05-cv-471-Orl-31KRS**

CITY OF COCOA, et al.,

                     **Defendants.**

_____

## ORDER

This cause came on for consideration after oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION ON BEHALF OF PRISON HEALTH SERVICES, INC. AND BREVARD COUNTY SHERIFF TO STRIKE PLAINTIFF'S WITNESS AND EXHIBIT LIST FOR EVIDENTIARY HEARING ON SPOLIATION OF EVIDENCE (Doc. No. 499)** |
| **FILED:** | **November 27, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED** in part.

Defendants Prison Health Services, Inc. (PHS) and the Brevard County Sheriff (Sheriff) ask the Court to strike plaintiffs' witness and exhibit lists and preclude them from presenting evidence at the evidentiary hearing on spoliation of evidence scheduled for November 29, 2006.    These defendants assert that counsel for the plaintiffs violated my order requiring witness and exhibits lists to be served on or before November 20, 2006.  *See* Doc. No. 464.  I issued an Order to Show Cause and scheduled a hearing at which counsel for the plaintiffs appeared and was heard on the issue of why sanctions should not be imposed for violation of my disclosure order.  Doc. No. 501.

At the hearing, Paul E. Bross, Esq., one of the counsel for the plaintiffs, candidly admitted that he did not disclose his witness and exhibit lists until November 22, 2006. He offered no explanation or justification for his failure to comply with my disclosure order. Rather, he argued that the defendants were not prejudiced by the untimely disclosure because all of his witnesses and exhibits were also listed by PHS and the Sheriff. After further discussion, however, it became clear that counsel for the plaintiffs had listed witnesses and exhibits not listed by PHS and the Sheriff. Among other things, counsel for the plaintiffs listed Karin Glascock, counsel for the Sheriff, as a witness; Ms. Glascock was not listed as a witness by PHS or the Sheriff. Counsel for the plaintiff also listed sweeping compilations of documents – including "All Discovery" and "Correspondence from Attorneys for PHS and Brevard County Sheriff to Paul E. Bross and Scott Santos." Doc. No. 499-2. Because documents within these groupings were not specifically identified, it is impossible to determine whether they include documents not listed as exhibits by PHS and the Sheriff.

Counsel for the plaintiffs asserts that he should not be precluded from presenting witnesses and exhibits at the hearing because PHS and the Sheriff were not prejudiced by his failure to comply with my order. PHS and the Sheriff contend that prejudice is not the issue when considering sanctions for violation of a Court order. *See* Fed. R. Civ. P. 16(f). They argue, alternatively, that they have been prejudiced by the belated disclosure of an exhibit list that fails to identify with any specificity the exhibits on which plaintiffs intend to rely, and by listing counsel for the Sheriff as a proposed witness.

Federal Rule of Civil Procedure 16(f) provides that if a party or party's attorney fails to obey a pretrial order, the judge may make such orders with regard thereto as are just, including ordering any of the sanctions provided for in Federal Rule of Civil Procedure 37(b)(2)(B), (C), or (D), as well as

awarding reasonable expenses.  Rule 37(b)(2)(B) specifically permits the Court to prohibit the party

from introducing designated matters in evidence.  "Rule 16(f) sanctions were 'designed to punish

lawyers and parties for conduct which unreasonably delays or otherwise interferes with the expeditious

management of trial preparation.'"  *United States v. Samaniego*, 345 F.3d 1280, 1284 (11th Cir.

2003)(quoting *Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985)).  Whether or not opposing

counsel were prejudiced does not provide good cause for failure to comply with a court order.

In this instance, the failure of counsel for the plaintiffs timely and properly to disclose his

witness and exhibit lists has interfered with the expeditious resolution of the spoliation issue.  Among

other things, counsel for PHS and the Sheriff had to divert their attention to filing a motion to strike,

and counsel were required to appear at the show cause hearing on short notice. Counsel for the

plaintiffs offered no justification for his failure to comply with my order.  Under these circumstances,

some sanction is warranted.  However, it is important that the sanction itself not further delay the

expeditious litigation of this case.

Accordingly, it is **ORDERED** that at the spoliation hearing plaintiffs may rely only on

witnesses and exhibits listed by PHS and the Sheriff in their respective witness and exhibits lists

produced for the spoliation hearing.  In addition, plaintiffs may list as exhibits documents filed with

the Court in support of the spoliation motions.  Because counsel for the plaintiffs offered no

justification for his failure to comply with my order, it is further **ORDERED** that Paul E. Bross, Esq.,

counsel for the plaintiffs, shall pay $500.00 to PHS and $500.00 to the Sheriff to compensate these

defendants, in part, for the reasonable expenses, including attorneys' fees, they incurred by bringing

the failure to comply with my order to the Court's attention through the motion to strike and by

attending the show cause hearing.  These payments shall be tendered to counsel for PHS and the

Sheriff on or before December 15, 2006.

     **DONE** and **ORDERED** in Orlando, Florida on November 28, 2006.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties