UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOANNE KIMBROUGH and WILLIE KIMBROUGH, SR.,

        Plaintiffs,

vs.                                   Case No. 6:05-cv-471-Orl-31KRS

CITY OF COCOA, DAVID CRAWFORD, WILLIAM
GREGORY, WALTER BAKER, TERRENCE A.
GLOVER, MICHAEL J. BADARACK, ANNA COX,
RICHARD GREGG II, DONALD DOBSON, SHERIFF
JACK PARKER, BREVARD COUNTY, PRISON
HEALTH SERVICES, INC., AILEEN NORGELL, BEVERLY
WOOD, SANDY LATIER, PETER S. DOVGAN, HEALTH FIRST
PHYSICIANS, INC., CATHERINE L. GARDNER, CENTRAL
BREVARD RADIOLOGY, ABBAS RABIEI, BREVARD
NEPRHOLOGY GROUP, P.A., and CAPE CANAVERAL HOSPITAL,

        Defendants.
_____/

## <u>DEFENDANT SHERIFF'S PROPOSED JURY INSTRUCTIONS</u>

Plaintiffs Joanne Kimbrough and Willie Kimbrough, Sr., as Co-Personal

Representatives of the Estate of Willie J. Kimbrough, Jr., deceased, have brought

two claims against Jack Parker, in his official capacity as Sheriff of Brevard

County, Florida. The first claim is for wrongful death negligence in the provision

of medical care to Mr. Willie Kimbrough, Jr. while he was detained at the Brevard

County Detention Center in December 2002. The second claim is for a violation of

the constitutional rights of Mr. Willie Kimbrough, Jr. while he was detained at the

Brevard County Detention Center in December 2002.  On the verdict form, you

will be asked to determine both of those claims.  I will now instruct you on the law

you are to follow in deciding those claims.

## INSTRUCTION 1 – Preliminary Instructions Before Trial

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict you will decide the disputed issues of fact.

I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

**Transcripts Not Available**. You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available**. On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

**Notetaking--Permitted**. If you would like to take notes during the trial you may do so. On the other hand, of course, you are not required to take notes if you do not want to. That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in note taking that you might become distracted from the ongoing proceedings. Just make notes of names, or dates and places--things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors. Notes are not entitled to any greater weight than the recollection or impression of each Juror concerning what the testimony was.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions. Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to

3

determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiffs' "case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendant(s) will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as a part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law. Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides. So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

AUTHORITY:    11th Circuit Pattern Jury Instructions (2005) Preliminary Instructions Before Trial

GIVEN:                              _____

GIVEN AS MODIFIED: _____

DENIED:                            _____

WITHDRAWN:                  _____

4

## INSTRUCTION 2 – Court's Introduction on Jury Instructions

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding

this case.

When I have finished you will go to the jury room and begin your discussions-- what

we call your deliberations.

AUTHORITY:    11th Circuit Pattern Jury Instructions (2005) Basic Instruction 1

GIVEN:                    _____

GIVEN AS MODIFIED: _____

DENIED:                  _____

WITHDRAWN:              _____

**INSTRUCTION NO. 3 - Consideration of the Evidence; Duty to Follow
Instructions; Governmental Entity or Agency Involved:**

In deciding the case you must follow and apply all of the law as I explain it

to you, whether you agree with that law or not; and you must not let your decision

6

be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that governmental agency.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is

your own recollection and interpretation of the evidence that controls.

AUTHORITY:  11ᵗʰ Circuit Pattern Jury Instructions (2005), 2.3

GIVEN:                        _____

GIVEN AS MODIFIED: _____

DENIED:                      _____

WITHDRAWN:             _____

## INSTRUCTION 4 - Credibility of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that

you must accept all of the evidence as true or accurate. You should decide whether

you believe what each witness had to say, and how important that testimony was.

In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

AUTHORITY:    11th Circuit Pattern Jury Instructions (2005) Basic Instruction 3

GIVEN:                         _____

GIVEN AS MODIFIED: _____

DENIED:                        _____

WITHDRAWN:                _____

## INSTRUCTION 5 - Impeachment of Witnesses; Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to

say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

AUTHORITY:    11th Circuit Pattern Jury Instructions (2005)
              Basic Instruction 4.1

GIVEN:                  _____

GIVEN AS MODIFIED: _____

DENIED:                 _____

WITHDRAWN:              _____


**<u>INSTRUCTION 6 – Impeachment of Witnesses Inconsistent Statement and Felony Conviction</u>**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to

say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

AUTHORITY:      11th Circuit Pattern Jury Instructions (2005)
                Basic Instruction 4.2

GIVEN:                    _____

GIVEN AS MODIFIED: _____

DENIED:                   _____

WITHDRAWN:                _____

11

## INSTRUCTION 7 - Expert Witnesses General Instruction

When knowledge of a specialized subject matter might be helpful to the jury,

a person having special training or experience in that field is permitted to state an

opinion concerning those matters.

Merely because such a witness has expressed an opinion, however, does not

mean that you must accept that opinion. The same as with any other witness, it is

up to you to decide whether to rely upon it.

AUTHORITY:      11th Circuit Pattern Jury Instructions (2005)
                Basic Instruction 5.1

GIVEN:                  _____

GIVEN AS MODIFIED: _____

DENIED:                _____

WITHDRAWN:             _____

## INSTRUCTION 8 - When Expert Witness Fees Represent A Significant Portion Of The Witness' Income

When knowledge of a technical subject matter might be helpful to the jury, a

person having special training or experience in that technical field is permitted to

state an opinion concerning those technical matters.

13

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion.  The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

AUTHORITY:        11th Circuit Pattern Jury Instructions (2005)
                          Basic Instruction 5.2

GIVEN:                        _____

GIVEN AS MODIFIED: _____

DENIED:                        _____

WITHDRAWN:                _____

**INSTRUCTION 9 – When Only Plaintiff Has Burden of Proof**

In this case it is the responsibility of Plaintiffs to prove every essential part of their claims by a "preponderance of the evidence."  This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence

which is enough to persuade you that Plaintiffs' claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiffs' claim by a preponderance of the evidence, you should find for Sheriff Parker as to that claim.

AUTHORITY:    11th Circuit Pattern Jury Instructions (2005),
              Basic Instructions 6.1

GIVEN:                    _____

GIVEN AS MODIFIED: _____

DENIED:                   _____

WITHDRAWN:                _____

**<u>INSTRUCTION 10 – When Only the Plaintiff Claims Damages</u>**

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

AUTHORITY:                11th Circuit Pattern Jury Instructions (2005),
                          Basic Instructions 7.1

GIVEN:                    _____

GIVEN AS MODIFIED: _____

DENIED:                   _____

16

WITHDRAWN:                    _____

## INSTRUCTION 11 - Election of Foreperson Explanation of Verdict Form

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

AUTHORITY:      11th Circuit Pattern Jury Instructions (2005)
                Basic Instructions 8

GIVEN:                      _____

GIVEN AS MODIFIED: _____

DENIED:                     _____

WITHDRAWN:              _____

18

## INSTRUCTION 12 – Civil Allen Charge

Members of the jury, I'm going to ask that you continue your deliberations in an effort to reach agreement upon a verdict and dispose of this case; and I have few additional thoughts or comments I would like for you to consider as you do so.

This is an important case. The trial has been expensive in terms of time, effort, money and emotional strain to both the plaintiffs and the defendants. If you should fail to agree on a verdict, the case is left open and may have to be tried again. A second trial would be costly to both sides, and there is no reason to believe that the case can be tried again, by either side, better or more exhaustively than it has been tried before you.

Any future jury would be selected in the same manner and from the same source as you were chosen, and there is no reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it or that more or clearer evidence could be produced on behalf of either side.

As stated in my previous instructions, it is your duty to consult with one another and to deliberate with a view to reaching agreement if you can do so without violence to your individual judgment. Of course, you must not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinion of other jurors or for the mere purpose of returning a verdict. Each of

19

you must decide the case for yourself, but should do so only after consideration of the evidence with your fellow jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced it is wrong. To bring your minds to a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard to the opinion of others and with a disposition to reexamine your own views.

If a substantial majority of your number are for a verdict for one party, each of you who hold a different position ought to consider whether your position is a reasonable one since it makes so little impression upon the minds of so many equally honest and conscientious fellow jurors who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and consider all the evidence in the case bearing upon the questions before you in light of the court's instructions on the law.

You may be as leisurely in your deliberations as the occasion may require and you may take all the time that you may feel is necessary.

I remind you that in your deliberations you are to consider the instructions I have given to you as a whole. You should not single out any part of any instruction, including this one, and ignore others.

You may now retire and continue your deliberations.


**ANNOTATIONS AND COMMENTS**

This proposed instruction was derived largely from Kevin F. O'Mally, Jay E. Grenig & Hon. William C. Lee, <u>Federal Jury Practice and Instructions</u> § 106.09 and § 106.10 (5th ed. 2000).

The former Fifth Circuit approved of the use of civil <u>Allen</u> charges in <u>Brooks v. Bay State Abrasive Products, Inc.</u>, 516 F.2d 1003, 1004 (5th Cir. 1975), which was cited in <u>U.S. v. Chigbo</u>, 38 F.3d 543, 546 (11th Cir. 1994).  In <u>Brooks</u>, the court stated that it has approved the use of an <u>Allen</u> charge if it makes clear to members of the jury that (1) they are duty bound to adhere to honest opinion; and (2) they are doing nothing improper by maintaining a good faith opinion even though a mistrial may result.

AUTHORITY:     11th Circuit Pattern Jury Instructions (2005)
                     Basic Instructions 9


GIVEN:                      _____

GIVEN AS MODIFIED: _____

DENIED:                     _____

WITHDRAWN:              _____


**INSTRUCTION 13 - ELEMENTS OF STATE LAW NEGLIGENCE CLAIM.**

Plaintiffs' first claim against the Sheriff is that the Sheriff was negligent in providing medical care to Willie Kimbrough, Jr.  In order to prevail on this claim, Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First:        That the Sheriff was negligent in failing to provide proper medical care to Willie Kimbrough, Jr.;

Second:     That the Sheriff's acts were the proximate or legal cause of damages sustained by Plaintiffs.

AUTHORITY:

GIVEN:               _____

GIVEN AS MODIFIED: _____

DENIED:            _____

WITHDRAWN:      _____

**INSTRUCTION 14 - DEFINITIONS OF NEGLIGENCE**

General Negligence

Negligence is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances, or in failing to do something that a reasonably careful person would do under like circumstances.

Authority:   Florida Standard Jury Instruction 4.1

GIVEN:                        _____

GIVEN AS MODIFIED: _____

DENIED:                      _____

WITHDRAWN:              _____

**INSTRUCTION 15 – Comparative Negligence Defense**

In this case the Plaintiffs claims that Defendant Sheriff was negligent and that such negligence was a legal cause of damage sustained by the Plaintiffs. Specifically, the Plaintiffs allege that Defendant Sheriff was negligent in providing medical care to Mr. Kimbrough and that Mr. Kimbrough died as a proximate result.

In order to prevail on this claim, the Plaintiffs must prove both of the following facts by a preponderance of the evidence:

First:    That Defendant Sheriff was negligent in failing to provide proper medical care to Mr. Kimbrough; and

Second:    That such negligence was a "legal cause" of damage sustained by the Plaintiffs and a "legal cause" of Mr. Kimbrough's death.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

"Negligence" is the failure to use reasonable care. Reasonable care is that degree of care that a reasonably careful person would use under like circumstances. Negligence may consist either in <u>doing</u> something that a reasonably careful person would <u>not</u> do under like circumstances, or in <u>failing</u> to do something that a reasonably careful person <u>would</u> do under like circumstances.

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred.  Negligence may be a legal cause of damages even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

If a preponderance of the evidence does not support the Plaintiffs' claim, then your verdict should be for Defendant Sheriff.  If, however, a preponderance of the evidence does support the Plaintiffs' claim, you will then consider the defenses raised by Defendant Sheriff.

Defendant Sheriff contends that Mr. Kimbrough, his statutory survivors, and/or other parties or entities not named as formal parties to this action were negligent and that such negligence was a legal cause of Mr. Kimbrough's death. This is a defensive claim and the burden of proving this claim, by a preponderance of the evidence, is upon Defendant Sheriff who must establish:

First:      That Mr. Kimbrough, his statutory survivors, and/or other parties not named as formal parties to this action were also "negligent;" and

Second:    That such negligence was a "legal cause" of Mr. Kimbrough's death.

[In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.]

**Florida Law**

Finding in favor of Defendant Sheriff on this defense will not prevent recovery by the Plaintiffs, it will only reduce the amount of the Plaintiffs' recovery. In other words, if you find that Mr. Kimbrough's death was due partly to the fault of Mr. Kimbrough, his statutory survivors, and/or other parties or entities not names as formal parties to this action – that Mr. Kimbrough's own negligence was, for example, 50% responsible for his death – then you would fill in that percentage as your finding on the special verdict form that I will explain in a moment. Such a finding would not prevent the Plaintiffs from recovering; the Court will merely reduce the Plaintiffs' total damages by the percentage that you insert. Of course, by using the number 50% as an example, I do not mean to suggest to you any specific figure at all. If you find that Mr. Kimbrough, his statutory survivors, and/or other parties or entities not named as formal parties to this action were negligent, you might find 1% or 99%.

**Return To General Charge**

If the evidence proves negligence on the part of Defendant Sheriff that was a legal cause of damage to the Plaintiffs, you should award the Plaintiffs an amount of money that will fairly and adequately compensate the Plaintiffs for such damage.

In considering the issue of the Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendant Sheriff. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury – tangible and intangible. Thus, no evidence of the value of such intangible things as pain and suffering has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiffs for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

27

(a)    Medical and hospital expenses, past and future

(b)    Mental or physical pain and anguish, past and future

(c)    Net lost wages and benefits to the date of trial

(d)    Net lost wages and benefits in the future [reduced to present value]

[You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage.

So, if you should find from a preponderance of the evidence that the Plaintiffs failed to mitigate their damages as shown by the evidence, then you should reduce the amount of the Plaintiffs' damages that could have been reasonably realized if the Plaintiffs had taken advantage of such opportunity.]

AUTHORITY:    11th Circuit Jury Pattern Instruction 2005 –
              State Claims Instructions 1.1

GIVEN:                    _____

GIVEN AS MODIFIED: _____

DENIED:                   _____

WITHDRAWN:                _____

## INSTRUCTION 16 - CAUSATION

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred. Negligence may be a legal cause of damage even though it operates in combination with the act of another, some natural cause, or some other cause if such other cause occurs at the same time as the negligence and if the negligence contributes substantially to producing such damage.

AUTHORITY:     Florida Standard Jury Instruction 5.1 (a) and (b)

GIVEN:                    _____

GIVEN AS MODIFIED: _____

DENIED:                  _____

WITHDRAWN:          _____

## INSTRUCTION 17 – Section 776.085 Defense

The Sheriff has raised as a defense to the Plaintiffs' state law wrongful negligence claim the provisions of Section 776.085, Florida Statutes. This Florida statute provides that it shall be a defense to any action for damages for personal injury or wrongful death that such action arose from injury sustained by a participant during the commission or attempted commission of a forcible felony.

The defense authorized by this section must be established by evidence that the participant has been convicted of such forcible felony or attempted forcible felony, or by proof of the commission of such crime or attempted crime by a preponderance of the evidence.

A "forcible felony" is further referenced and defined by Section 776.08, Florida Statutes as treason; murder; manslaughter; sexual battery; carjacking; home-invasion robbery; robbery; burglary; arson; kidnapping; aggravated assault; aggravated battery; aggravated stalking; aircraft piracy; unlawful throwing, placing, or discharging of a destructive device or bomb; and any other felony which involves the use or threat of physical force or violence against any individual.

If you find by a preponderance of the evidence that Willie Kimbrough, Jr. sustained injuries as a participant during the commission of a forcible felony or attempted commission of a forcible felony, then you should so indicate at the appropriate place on the verdict form.

AUTHORITY:    Section 776.085, Florida Statutes, Section 776.08, Florida Statutes, *Gonzalez v. Liberty Mut. Ins. Co.*, App. 3 Dist., 634 So.2d 178 (1994), *Fernandez v. City of Cooper City*, 207 F.Supp.2d 1371 (S.D.Fla.2002).

GIVEN:                    _____

GIVEN AS MODIFIED: _____

DENIED:                   _____

WITHDRAWN:                _____

## INSTRUCTION 18 - ELEMENTS OF FOURTEENTH AMENDMENT

31

## CLAIM UNDER 42 U.S.C. §1983

Plaintiffs' second claim against Sheriff Parker is that Sheriff Parker, while acting under color of state law, intentionally violated Willie Kimbrough, Jr.'s rights under the Constitution of the United States.

Specifically, Plaintiffs claim that while Sheriff Parker was acting under color of state law as Sheriff of Brevard County, Florida, Sheriff Parker intentionally violated Willie Kimbrough, Jr.'s right to due process of law under the Fourteenth Amendment to the Constitution.

More specifically, Plaintiffs claim that Sheriff Parker was deliberately indifferent to Willie Kimbrough, Jr.'s serious medical needs in violation of Willie Kimbrough Jr.'s right, as a pretrial detainee, to necessary medical care and attention.

Under the due process of law clause of the Fourteenth Amendment, anyone who is arrested and detained under state law is entitled to necessary medical care. Thus, a corrections officer would violate that constitutional right if the officer is deliberately indifferent to an inmate's serious medical need.

A "serious medical need" is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay person would easily recognize the necessity for prompt medical attention.

Notice, however, that deliberate or intentional conduct on the part of the

32

officer is required before any violation of the Constitution occurs. Mere negligence or a lack of reasonable care on the part of the officer is not enough; the Plaintiffs must prove deliberate and intentional conduct resulting in a deprivation of the Plaintiff's constitutional rights.

In order to prevail on this claim the Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First:      That the Mr. Kimbrough had a "serious medical need," as previously defined;

Second:     That Defendant Sheriff was aware of Mr. Kimbrough's serious medical need;

Third:      That Defendant Sheriff with deliberate indifference, failed to provide the necessary medical care to Mr. Kimbrough;

Fourth:     That in doing so, Defendant Sheriff acted "under color" of state law; and

Fifth:      That Defendant Sheriff's acts were the proximate or legal cause of the damages sustained by the Plaintiffs.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

With regard to the fourth required element of proof - that Defendant Sheriff acted "under color" of state law – that fact is not disputed in this case and you may accept that fact as proved.

With regard to the fifth required element of proof – that the Sheriff's acts were the proximate or legal cause of damages sustained by the Plaintiffs –

remember that for damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for the constitutional deprivation, such damages would not have occurred.

If you find for the Plaintiffs and against Defendant Sheriff, you will then consider the Plaintiffs' claim for damages.

In considering the issue of the Plaintiffs' damages, you should asses the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Defendant Sheriff. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury – tangible and intangible. Thus, no evidence of the value of such intangible things as physical and emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiffs for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)   Physical and emotional pain and mental anguish;

(b)   Nominal damages (as explained in these instructions); and

(c)   Punitive damages, if any (as explained in the Court's instructions)

You are authorized to award $1 in nominal damages if you find for the Plaintiffs but also find that Plaintiffs' damages have no monetary value.

AUTHORITY:              11th Circuit Pattern Jury Instructions (2005) Federal
                        Claims Instructions 2.4.2

GIVEN:                  _____

GIVEN AS MODIFIED: _____

DENIED:                 _____

WITHDRAWN:              _____

**INSTRUCTION 19 – Respondeat Superior**

Ordinarily, a corporation, including a public body or agency such as the

Brevard County Sheriff's Office, is legally responsible for the acts of his employees carried out in the regular course of their job duties as employees. This is known in the law as the doctrine of "respondeat superior" which means "let the superior respond" for any losses or injuries wrongfully caused by its employees in the performance of their jobs.  This doctrine does not apply, however, in a case such of this where the Plaintiffs claim a violation of constitutional rights.

So, in this case, Sheriff Parker can be held liable only if you find that the deprivation of Willie Kimbrough, Jr.'s constitutional rights was the direct result of the Sheriff's ordinance, regulation, decision, policy, or custom. A governmental entity is responsible only when an injury is inflicted through the execution of its policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.  It is not enough merely to show that a Sheriff's employee caused Willie Kimbrough, Jr.'s injury.

A policy or custom means a persistent, widespread, or repetitious course of conduct by policy makers with final authority to establish the Sheriff's policy with respect to the action ordered. It may be written, or it may be a consistent series of decisions and actions adopted or approved by the policy makers.

AUTHORITY:    11th Circuit Pattern Jury Instructions (2005) Federal Claims Instructions 1.10.1

36

GIVEN:                        _____

GIVEN AS MODIFIED:  _____

DENIED:                       _____

WITHDRAWN:              _____

## **INSTRUCTION 20 – Duty To Mitigate In General**

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damages.

So, if you should find from a preponderance of the evidence that the Plaintiffs failed to mitigate their damages, then you should reduce the amount of the Plaintiffs' damages by the amount that could have been reasonably realized if the Plaintiffs had taken advantage of such opportunity.

AUTHORITY:    11th Circuit Pattern Jury Instructions 2005 – Supplemental Damages Instructions 1.1

GIVEN:    _____

GIVEN AS MODIFIED: _____

DENIED:    _____

WITHDRAWN:    _____

## **INSTRUCTION 21 – Attorneys Fees and Court Costs**

If you find for the Plaintiffs you must not take into account any consideration of attorneys fees or court costs in deciding the amount of Plaintiffs' damages. [The matter of attorney's fees and court costs will be decided later by the Court.]

AUTHORITY:     11th Circuit Pattern Jury Instructions 2005 –
Supplemental Damages Instructions 6.1

GIVEN:                    _____

GIVEN AS MODIFIED: _____

DENIED:                   _____

WITHDRAWN:            _____

## INSTRUCTION 22 - DAMAGES

If you find for Plaintiffs and against Sheriff Parker on either of Plaintiffs' claims against Sheriff Parker, you will then consider Plaintiffs' claim for damages.

In considering the issue of Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Sheriff Parker. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury – tangible and intangible. Thus, no evidence of the value of such things as emotional pain and mental anguish has been or need be introduced. In that respect, it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiffs for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in light of the evidence.

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as a indication that I believe that Plaintiffs should, or should not, prevail in this case.

40

Any verdict you reach in the jury room must be unanimous.  In other words, to return a verdict you must all agree.  Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury.  While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

AUTHORITY:              11th Circuit Pattern Jury Instructions, 2.3.2 and 7.1
                        (2000)

GIVEN:                  _____

GIVEN AS MODIFIED: _____

DENIED:                 _____

WITHDRAWN:              _____

U:\02-029 - Kimbrough v BCSO\Pleadings - FEDERAL\6-22-07 Sheriff's Proposed Jury Instructions - KMG.doc

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:05-cv-00471-31-KRS

Joanne Kimbrough and Willie J. Kimbrough, Sr. as Co-Personal Representatives of the Estate of Willie J. Kimbrough, Jr.;

      Plaintiffs,

vs.

City of Cocoa, Florida; Lieutenant William Gregory, individually; Corporal Walter Baker, individually; Officer Terrence A. Glover, individually; Officer Michael J. Badarack, individually; Sergeant Anna Cox, individually; Officer Richard Gregg II, Officer Donald Dobson, individually; Brevard County Sheriff Jack Parker in his official capacity/Brevard County Sheriff's Office; Brevard County, Prison Health Services, Inc., a Delaware Corporation; Aileen Norgell, M.D.; Beverly Wood, P.A.; Sandy Latier, R.N.; Peter S. Dovgan, M.D.; Health First Physicians, Inc.; Catherine L. Gardner, M.D.; Central Brevard Radiology, P.A.; Abbas Rabiei, M.D.; Brevard Nephrology Group, P.A.; Cape Canaveral Hospital, Inc. d/b/a Health First Cape Canaveral Hospital,

      Defendants.

_____/

## DEFENDANT, CITY OF COCOA'S PROPOSED JURY INSTRUCTIONS

      Pursuant to this Court's Amended Case Management and Scheduling Order dated December 12, 2006 [Dkt. No. 668], Defendant, CITY OF COCOA, by and through its attorneys, submits its proposed jury instructions as follows:

**DEFENDANT, CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO.1**

**Preliminary Instructions Before Trial**

Ladies and Gentlemen:

You have now been sworn as the Jury to try this case. By your verdict, you will decide the disputed issues of fact. I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision. The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

Transcripts Not Available. You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was. Although, as you can see, the Court Reporter is making a stenographic record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

Exhibits Will Be Available. On the other hand, any exhibits admitted in evidence during the trial will be available to you for detailed study, if you wish, during your deliberations. So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

Note Taking – Not Permitted. A questions sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial. The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of

your schooling or the nature of your work or the like.  It is requested, however, that Jurors not take notes during the trial.  One of the reasons for having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may not have skill or experience in note taking and may not wish to do so.

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard all of the testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case.  You should also avoid seeing or hearing any television or radio comments about the trial. In addition, you must not visit the scene of the events involved in this case unless I later instruct you to do so.

From time to time during the trial, I may be called upon to make rulings of law on objections or motions made by the lawyers.  You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other.  And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial, it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. On some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiffs will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiffs' "case in chief." When the Plaintiffs finish (by announcing "rest"), the Defendants will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiffs may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phases of the trial.

The Plaintiffs proceed first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiffs as I will further explain to you as part of my final instructions.

When the evidence portion of the trial is completed, the lawyers will the be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts

4

they expect the evidence will show.  I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law.  Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.  So I ask that you now give the lawyers your close attention as I recognize them for purposes of opening statements.

SOURCE: Eleventh Circuit Pattern Jury Instructions (2000), Preliminary Instructions

GIVEN:                    _____

DENIED:                   _____

MODIFIED:             _____

WITHDRAWN:        _____

DATE:              _____

## DEFENDANT, CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 2

**Basic Instructions**
**Court's Instructions to the Jury**

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.  When I have finished, you will go to the jury room and begin your discussions – what we call your deliberations.

SOURCE: Eleventh Circuit Pattern Jury Instructions (2000), Basic Instructions I

GIVEN:                    _____

DENIED:                  _____

MODIFIED:              _____

WITHDRAWN:        _____

DATE:               _____

**DEFENDANT, CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 3**

**Consideration of the Evidence**
**Duty To Follow Instructions Governmental Entity Or Agency Involved**

Members of the Jury:

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

SOURCE: Eleventh Circuit Pattern Jury Instructions (2000), Basic Instructions 2.3.

GIVEN:              _____

DENIED:             _____

MODIFIED:           ____

WITHDRAWN:          _____

DATE:         _____

## DEFENDANT, CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 4

**Credibility of Witnesses**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

SOURCE: Eleventh Circuit Patter Jury Instructions (2000), Basic Instruction 3

GIVEN:             _____

DENIED:            _____

MODIFIED:          _____

WITHDRAWN:         _____

DATE:          _____

9

**DEFENDANT, CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 5**

**Impeachment of Witnesses**
**Inconsistent Statement and Felony Conviction**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial. The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

SOURCE: Eleventh Circuit Pattern Jury Instructions (2000), Basic Instruction 4.2

GIVEN:                _____

DENIED:               _____

MODIFIED:             _____

WITHDRAWN:            _____

DATE:           _____

10

## DEFENDANT, CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 6

**Expert Witnesses**
**When Expert Witness Fees Represent A Significant Portion of the Witness' Income**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

SOURCE: Eleventh Circuit Pattern Jury Instructions (2000), Basic Instruction 5.2

GIVEN:          _____

DENIED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

DATE:          _____

**DEFENDANT, CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 7**

**Burden of Proof**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of his contention by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means the more persuasive and convincing force and effect of the entire evidence in the case.

Where more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

SOURCE: Eleventh Circuit Pattern Jury Instructions (2000). Basic Instructions 6.2

GIVEN:          _____

DENIED:          _____

MODIFIED:          _____

WITHDRAWN:          _____

DATE:          _____

**DEFENDANT CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 8**

**Duty to Deliberate**

Of course, the fact that I have given you instructions concerning the issue of the Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should or should not prevail in this case. Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone. It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the Jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

SOURCE: Eleventh Circuit Pattern Jury Instructions (2000), Supplemental Damages Instruction 7.1

GIVEN: _____

DENIED: _____

MODIFIED: _____

WITHDRAWN: _____

13

DATE:          _____

**DEFENDANT CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 9**

**Damages**

For damages to be the proximate or legal result of a constitutional deprivation or negligent act, it must be shown that, except for that constitutional deprivation or negligent, such damage would not have occurred. A constitutional deprivation or a negligent act may be a proximate or legal cause of damages even though the constitutional deprivation or negligent act operates in combination with the act of another so long as the wrongful act contributes substantially to producing the damages.

In considering the issue of the Plaintiffs' damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just, and reasonable compensation for all of the Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendants. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury – tangible and intangible. Thus, no evidence of the value of such intangible things as physical and emotional pain and mental anguish have been or need be introduced. In that respect it is not value you are trying to determine, but an amount at will fairly compensate the Plaintiffs for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the

15

evidence.  However, if you find that the Plaintiffs' damages were minor or slight or negligible in

amount, you may award a nominal sum such as $1.00.

SOURCE: Eleventh Circuit Pattern Jury Instructions (2000), Federal Claims Instructions 1.9.1, Damages 1.3, 1.4 (modified)

GIVEN:                          _____

DENIED:                        _____

MODIFIED:                   _____

WITHDRAWN:             _____

DATE:                 _____

**DEFENDANT CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 10**

**Attorneys' Fees and Court Costs**

You must not take into account any consideration of attorneys' fees or court costs in deciding the amount of Plaintiffs' damages.  The matter of attorneys' fees and court costs will be decided later by the Court.  Also, I instruct you that any damages award is not subject to any deductions for federal or state income taxes.

SOURCE: Eleventh Circuit Pattern Jury Instructions (2000), Supplemental Damages Instruction 6.1

GIVEN:                _____

DENIED:               _____

MODIFIED:             _____

WITHDRAWN:            _____

DATE:              _____

**DEFENDANT CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 11**

**Preliminary Instruction**

This case involves a series of events, only some of which are at issue with regard to the Defendant City of Cocoa.

Lieutenant William Gregory, Corporal Walter Baker, Officer Terrence A. Glover, Officer Michael J. Badarack, Sergeant Anna Cox, Officer Richard Gregg, II, and Officer Donald Dobson are City of Cocoa police officers. Willie J. Kimbrough, Jr., was arrested by Officer Terrence Glover and other members of the Cocoa Police Department during the late evening of November 30, 2002.

Kimbrough was arrested for Aggravated Battery on a Law Enforcement Officer, Battery on a Law Enforcement Officer, Resisting Arrest Without Violence, and Loitering and Prowling. After he was arrested, Kimbrough was transported to the Cocoa Police Department. After approximately four (4) hours, he was transported to the Brevard County Detention Center. After approximately sixty-six (66) hours in custody at the Brevard County Detention Center, he was released on bond. Kimbrough eventually presented to Cape Canaveral Hospital complaining of injuries. During medical treatment at Cape Canaveral Hospital, Kimbrough died.

GIVEN:        _____

DENIED:       _____

MODIFIED:     _____

WITHDRAWN:    _____

DATE:         _____

18

**DEFENDANT CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 12**

**Plaintiffs' Claims Against the City of Cocoa**

Plaintiffs have two claims against the City of Cocoa under 42 U.S.C. §1983. Plaintiffs also have a claim against the City of Cocoa under Florida's Wrongful Death Act for the alleged negligence of the individually named police officers.

Although these claims have been tried together, each is separate from the others, and Plaintiffs are entitled to have you separately consider each claim as it affects the City of Cocoa. Therefore, in your deliberations, you should consider the evidence as it related to each claim separately, as you would had each claim been tried before you separately.

SOURCE: Florida Standard Jury Instructions No. 2.4 (Modified)

GIVEN:                    _____

DENIED:                   _____

MODIFIED:                 _____

WITHDRAWN:                _____

DATE:                _____

**DEFENDANT CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 13**

**Miscellaneous Issues (Respondeat Superior) Under
Plaintiffs' 42 U.S.C. § 1983 Against City of Cocoa**

The rules of law that apply to the Plaintiffs' claims against the City of Cocoa under 42 U.S.C. §1983 are different from the rules of law that apply to the Plaintiffs' claims against Lieutenant Gregory, Sergeant Cox, Corporal Baker, Officer Glover, Officer Badarack, Officer Gregg and Officer Dobson ("the individually named police officers") under 42 U.S.C. §1983, and each claim must be considered separately. I will first explain the rules or principles of law you must apply in deciding the Plaintiffs' claim against the City of Cocoa under 42 U.S.C. §1983; later, I will discuss the Plaintiffs' claims against the individually named police officers under 42 U.S.C. §1983.

Ordinarily, a corporation, including a public body or agency such as the City of Cocoa, is legally responsible for the acts of its employees carried out in the regular course of their job duties as employees. This is known in the law as the doctrine of "respondeat superior" which means "let the superior respond" for any losses or injuries wrongfully caused by its employees in the performance of their jobs. This doctrine does not apply, however, in a case such as this where the Plaintiffs claim a violation of constitutional rights.

As to the Plaintiff's 42 U.S.C. § 1983 claims against the City of Cocoa, the City can be held liable only if you find that one or more of the individually named police officers committed a violation of Kimbrough's right under the Fourth Amendment of the United States Constitution to be free from the excessive use of force and if you find that the deprivation of Kimbrough's constitutional rights was directly caused by a related ordinance, regulation, policy, or custom of

20

the City of Cocoa that was approved or adopted by a authorized City policy maker.  These principles will be explained in more detail below.

SOURCE: *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 378, 390 (1978); *Polk County v. Dodson*, 454 U.S. 312 (1981); *Church v. City of Huntsville*, 30 F.3d 1332 (11th Cir. 1994).

GIVEN:                                 _____

DENIED:                              _____

MODIFIED:                         _____

WITHDRAWN:                    _____

DATE:                                  _____

**DEFENDANT CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 14**

**42 U.S.C. § 1983 Claim Against City of Cocoa - Alleged Ratification**

Your need to consider this claim is dependent upon whether you find that any of the individually named policed officers used excessive force on Willie J. Kimbrough, Jr., during his arrest (Plaintiffs claim that the use of knee strikes on Kimbrough constituted excessive force). If you find that the use of knee strikes during the arrest of Kimbrough did not constitute excessive force, you need not decide the following issues pertaining to Plaintiffs' 42 U.S.C. §1983 claim against the City of Cocoa.

Assuming that you find that any of the individually named police officers used excessive force against Willie J. Kimbrough, Jr., the first issue for your consideration as to Plaintiffs' claims against the City of Cocoa is whether the City ratified the alleged use of excessive force. In order for you to find that the City ratified a constitutional violation committed against Kimbrough, you must find by the preponderance of the evidence:

1.    That the City of Cocoa had an official policy or well-settled custom, approved or adopted by its authorized policy maker, of failing to investigate claims of excessive force prior to the date of Kimbrough's subject arrest (November 30, 2002); and

2.    That such failure was the legal cause of the alleged excessive force suffered by Kimbrough.

In order for you to find that the City of Cocoa had an official policy of failing to investigate claims of excessive force, you must find that the City had an express, written policy

22

precluding the investigation of claims of excessive force that was authorized or adopted by the City's recognized policy maker.

In order for you to find that the City had a well-settled custom of failing to investigate claims of excessive force, you must find that the alleged practice of not conducting such investigations was persistent, widespread, pervasive and the functional equivalent of a formally adopted policy. You must also find that the relevant policymaker had actual knowledge of such failures to investigate.

Assuming that you find that the City of Cocoa, had an official policy of failing to investigate claims of excessive force or that it had a well-settled custom of failing to investigate such claims, you must also resolve whether the policy or custom was the legal cause of the alleged violation of Kimbrough's constitutional right to be free from excessive force. To find that the alleged policy or custom was the legal cause of the alleged excessive force, you must find that the alleged excessive force would not have been used against Kimbrough if the City of Cocoa did not have a policy or custom of failing to investigate claims of excessive force.

If you find that Plaintiffs have proven each of the above elements by a preponderance of the evidence, then your verdict on this claim shall be for Plaintiffs. However, if you find that the Plaintiffs have not proven any one of the above elements by a preponderance of the evidence, then your verdict on this claim shall be for the City of Cocoa.

SOURCE: Florida Standard Jury Instructions No. 3.5 (Modified); *Thomas v. Clayton County Board of Education*, 94 F. Supp. 2d 1290, 1325 (N.D. Ga. 1999); *Church v. City of Huntsville*, 30 F.3d 1332 (11th Cir. 1994); *Brooks v. Scheib*, 813 F.2d 1191, 1195 (11th Cir. 1987).

GIVEN:                 _____

DENIED:               _____

MODIFIED:          _____

WITHDRAWN:         _____

DATE:          _____

**DEFENDANT, CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 15**

**42 U.S.C. § 1983 Claim Against City of Cocoa - Alleged Deliberate Indifference to Training**

Your need to consider this claim is dependent upon whether you find that any of the individually named policed officers used excessive force on Willie J. Kimbrough, Jr., during his arrest (Plaintiffs claim that the use of knee strikes on Kimbrough constituted excessive force). If you find that the use of knee strikes during the arrest of Kimbrough did not constitute excessive force, you need not decide the following issues pertaining to Plaintiffs' 42 U.S.C. §1983 claim against the City of Cocoa.

Assuming that you find that any of the individually named police officers used excessive force against Willie J. Kimbrough, Jr., the second issue for your consideration as to Plaintiffs' claims against the City of Cocoa under 42 U.S.C. §1983 is whether the City was deliberately indifferent to the need to train its police officers in the use of knee strikes which caused a violation of Plaintiffs' constitutional right to be free from excessive force. It is the Plaintiffs' burden to prove that the City of Cocoa had a policy or custom of not training its police officers which resulted in the violation of Plaintiffs' constitutional rights.

On the Plaintiffs' claim for deliberate indifference to the need to train, the Plaintiffs have the burden of proving each of the following by preponderance of the evidence:

1.    That the City of Cocoa's training program was not adequate to train its officers in the use of knee strikes;

2.    That the City of Cocoa was deliberately indifferent to the need to train its officers in the use of knee strikes; and

25

3.      That the alleged deliberate indifference to the need to provide training in relation to knee strikes was the legal cause of the deprivation of the Plaintiffs' right to be free from excessive force protected by the Fourth Amendment to the United States Constitution.

The "deliberate indifference" standard requires that a Plaintiff establish that the City of Cocoa's relevant policy maker knew, based upon a history of widespread abuses involving the application of knee strikes of the need to train its police officers in the use of knee strikes and that the relevant policy maker made a deliberate choice not to take any action. Without notice of a need to train in a particular area by the City's relevant policy maker, the City cannot be held responsible for a failure to train in that particular area.

To find that the alleged policy or custom was the legal cause of the alleged excessive force, you must find that the alleged excessive force would not have been used against Kimbrough if the City of Cocoa had not been deliberately indifferent to the need to train its police officers in the use of knee strikes.

If you find that Plaintiffs have proven each of the above elements by a preponderance of the evidence, then your verdict on this claim shall be for Plaintiffs. However, if you find that the Plaintiffs have not proven any one of the above elements by a preponderance of the evidence, then your verdict on this claim shall be for the City of Cocoa.

SOURCE: Florida Standard Jury Instructions No. 3.5 (Modified), *Romero v. City of Clanton,* 220 F.Supp.2d 13, 1350-51 (d) (Ala. 2000); *Board of County Commissioner of Bryan County v. Brown,* 520 U.S. 397, 407 (1997); *Gold v. City of Miami,* 151 F.3d 1346, 1350 (11th Cir. 1998); *Brooks v. Scheib*, 813 F.2d 1191, 1195 (11th Cir. 1987) and 9th Cir. Pattern Instruction 11.03.05-Municipal Liability-Failure to Train-Elements and Burden of Proof.


GIVEN:                    _____

26

DENIED: _____

MODIFIED: _____

WITHDRAWN: _____

DATE: _____

**DEFENDANT, CITY OF COCOA'S PROPOSED JURY INSTRUCTIONS NO. 16**

**Wrongful Death Claim**

The issues for your determination on the second type of claim brought by Plaintiffs against the City of Cocoa are whether any of the individually named police officers acted negligently during the arrest of Willie J. Kimbrough, Jr, and, if so, whether the City of Cocoa is liable for such negligence under Florida's Wrongful Death Act.

As to this claim, and only this claim, as their employer, the City of Cocoa is responsible for the negligence of any one of the City of Cocoa police officers while acting in the course and scope of their employment.  However, I instruct you that as a matter of law, the City cannot be responsible for any actions taken or decisions made by any of the Cocoa police officers that were in bad faith, or with malicious purpose, or in a manner exhibiting wanton and willful disregard of Kimbrough's human rights or safety.

In order for you to find that the City of Cocoa is liable under Plaintiffs' wrongful death claim, you must find the following by a preponderance of the evidence:

1.      That there was negligence on the part of Lieutenant William Gregory, Officer Terrence Glover, Officer Michael Badarack, Corporal Walter Baker, Sergeant Anna Cox, Officer Donald Dobson, or Richard Gregg, II during the arrest of Willie J., Kimbrough, Jr.;

2.      That the actions of the allegedly negligent police officers were not taken in bad faith, or with a malicious purpose, or in a manner exhibiting wanton or willful disregard for the life or human rights of Willie J. Kimbrough, Jr.; and

3.      That the alleged negligence was the legal cause of the death of Willie J.

28

Kimbrough, Jr.

SOURCE: Florida Standard Jury Instruction No. 3.5 (Modified); Florida Standard Jury Instructions No. 3.1 (Modified) § 768.28(9)(a), Fla. Stat. (2001).

GIVEN:          _____
DENIED:         _____
MODIFIED:       _____
WITHDRAWN:      _____
DATE:           _____

## DEFENDANT, CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 17

**Negligence**

Negligence is the failure to use reasonable care.  Reasonable care is that degree of care which a reasonably careful person would use under like circumstances.  Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.

SOURCE: Florida Standard Jury Instructions No. 4.1

GIVEN:            _____

DENIED:           _____

MODIFIED:         _____

WITHDRAWN:        _____

DATE:         _____

**DEFENDANT, CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 18**

**Defense Issues**

If, and only if, the greater weight of the evidence does support the claim of Plaintiffs, under Florida's Wrongful Death statute, then you shall consider the defense raised by the City of Cocoa.

As to this defense, the issues for your determination are:

a.      whether Willie J. Kimbrough, Jr. was himself negligent and, if so, whether such negligence was a contributing legal cause of the injury or damage complained of.

b.      whether any of the other Defendants (other than the individually named police officers, were negligent and whether such negligence was a contributing legal cause of the injury or damage complained of.

If the greater weight of the evidence does not support the defense of the City of Cocoa, and the greater weight of the evidence does support the claim of Plaintiffs, then your verdict should be for Plaintiffs on the wrongful death claim against the City.

If, however, the greater weight of the evidence shows that both Willie J. Kimbrough, Jr. and one or more of the defendants were negligent and that the negligence of each contributed as a legal cause of loss sustained by Willie J. Kimbrough, Jr., you should determine and write on the verdict form what percentage of the total negligence of all parties to this action is chargeable to each.

SOURCE: Florida Standard Jury Instructions No. 3.8

GIVEN:              _____
DENIED             _____
MODIFIED:          _____

31

WITHDRAWN:        _____
DATE:             _____

**DEFENDANT, CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 19**

**Damages**
**Wrongful death damages recoverable for estate and survivors.**

If your verdict is for the Defendants, you will not consider the matter of damages.  But if your verdict is for personal representatives as claimant, you should determine and write on the verdict form, in dollars, the total amount of loss which the greater weight of the evidence shows the estate of the decedent and his survivors sustained as a result of his injury and death, including any such damages that the estate and the survivors are reasonably certain to incur or experience in the future.

In determining the total amount of any damages sustained by the decedent's estate, you shall consider the following elements:

a.    Medical or funeral expenses:

Medical or funeral expenses due to the decedent's injury or death which have become a charge against the decedent's estate.

In determining the total amount of any damages sustained by the decedent's survivors Ashanti Kimbrough, Victoria Fisher Kimbrough, and Di'Andre Michael O'Shone White, you shall consider the following elements:

b.    Lost support and services:

The survivors' loss, by reason of decedent's injury and death, of the decedent's support and services, including interest at ___ on any amount awarded for such loss from the date of injury to the date of death.  In determining the duration of any future loss, you may consider the joint life expectancy of the survivor and the decedent and the period of minority, ending at age 25, of each healthy minor child.

33

In evaluating past and future loss of support and services, you shall consider the survivor's relationship to the decedent, the amount of the decedent's probable net income available for distribution to the survivor and the replacement value of the decedent's services to the survivor. "Support" includes contributions in kind as well as sums of money. "Services" means tasks regularly performed by the decedent for a survivor that will be a necessary expense to the survivor because of the decedent's death.

    c.      Damages by surviving child:

The loss by Ashanti Kimbrough, Victoria Fisher Kimbrough, and Di'Andre Michael O'Shone White of parental companionship, instruction and guidance, and their mental pain and suffering as a result of the decedent's injury and death. In determining the duration of such losses, you may consider the joint life expectancy of the decedent and each of the surviving children together with the other evidence in the case.

SOURCE: Florida Standard Jury Instructions No. 6.5

GIVEN:         \_\_\_\_\_
DENIED:        \_\_\_\_\_
MODIFIED:      \_\_\_\_\_
WITHDRAWN:   \_\_\_\_\_
DATE:           \_\_\_\_\_

**DEFENDANT, CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 20**

**Wrongful Death Damages of Estate and Survivors**
**Separate Findings for Estate and Survivors**

Any damages that you find were sustained by the decedent's estate and by each survivor

shall be separately stated in your verdict.

SOURCE: Florida Standard Jury Instructions No. 6.7

GIVEN:                    _____

DENIED:                   _____

MODIFIED:                 _____

WITHDRAWN:                _____

DATE:              _____

35

**DEFENDANT, CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 21**

**Election of Foreperson**
**Explanation of Verdict Forms**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience. [Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom. If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

SOURCE: Eleventh Circuit Patter Jury Instructions (2000), Basic Instruction 8.

GIVEN:          _____
DENIED:         _____
MODIFIED:       _____
WITHDRAWN:      _____
DATE:          _____

36

**DEFENDANT, CITY OF COCOA'S PROPOSED JURY INSTRUCTION NO. 22**

**Survivor of Estate - Definition**

A child may be a "survivor" of an estate only when the father has recognized a responsibility for the child's support.

SOURCE: Fla. Stat. § 768.18; *Cinghina v. Radcik,* 647 So. 2d 289 (Fla. 4th DCA 1994); *Evans v. Atlantic Cement Co.,* 727 So. 2d 538 (Fla. 4th DCA 1973).

GIVEN:              _____

DENIED:            _____

MODIFIED:        _____

WITHDRAWN:    _____

DATE:              _____

**1**

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CASE NO.:  6:05-CV-471-ORL-31-KRS**

JOANNE KIMBROUGH AND WILLIE
J. KIMBROUGH, SR., et al.,

       **Plaintiffs,**

**vs.**

CITY OF COCOA, FLORIDA, et al.,

       **Defendants.**

_____/

**<u>FEDERAL JURY INSTRUCTIONS</u>**

**A.     PRELIMINARY INSTRUCTIONS BEFORE TRIAL**

Instruction 1
Preliminary Instructions

Ladies and Gentlemen:

     You have now been sworn as the Jury to try this case.  By your verdict you will decide the disputed issues of fact.

     I will decide all questions of law and procedure that arise during the trial, and, before you retire to the jury room at the end of the trial to deliberate upon your verdict and decide the case, I will explain to you the rules of law that you must follow and apply in making your decision.

     The evidence presented to you during the trial will primarily consist of the testimony of the witnesses, and tangible items including papers or documents called "exhibits."

     **<u>Transcripts Not Available.</u>**  You should pay close attention to the testimony because it will be necessary for you to rely upon your memories concerning what the testimony was.  Although, as you can see, the Court Reporter is making a stenographic

1

record of everything that is said, typewritten transcripts will not be prepared in sufficient time or appropriate form for your use during your deliberations and you should not expect to receive them.

**Exhibits Will Be Available.**    On the other hand, any exhibits admitted in evidence during the trial <u>will</u> be available to you for detailed study, if you wish, during your deliberations.  So, if an exhibit is received in evidence but is not fully read or shown to you at the time, don't be concerned because you will get to see and study it later during your deliberations.

\* \* \* \* \* \* \* \* \* \* \* \* \*

**Notetaking – Permitted.**  If you would like to take notes during the trial you may do so.  On the other hand, of course, you are not required to take notes if you do not want to.  That will be left up to you, individually.

If you do decide to take notes, do not try to write everything down because you will get so involved in notetaking that you might become distracted from the ongoing proceedings.  Just make notes of names, or dates and places – things that might be difficult to remember.

Also, your notes should be used only as aids to your memory, and, if your memory should later differ from your notes, you should rely upon your memory and not your notes.

If you do not take notes, you should rely upon your own independent recollection or memory of what the testimony was and you should not be unduly influenced by the notes of other Jurors.  Notes are not entitled to any greater weight than the recollection of impression of each Juror concerning what the testimony was.

**Notetaking – Not Permitted.**    A question sometimes arises as to whether individual members of the Jury will be permitted to take notes during the trial.

The desire to take notes is perfectly natural especially for those of you who are accustomed to making notes because of your schooling or the nature of your work or the like.  It is requested, however, that Jurors <u>not</u> take notes during the trial.  One of the reasons for having a number of persons on the Jury is to gain the advantage of your several, individual memories concerning the testimony presented before you; and, while some of you might feel comfortable taking notes, other members of the Jury may <u>not</u> have skill or experience in notetaking and may not wish to do so.

\* \* \* \* \* \* \* \* \* \*

During the trial you should keep an open mind and should avoid reaching any hasty impressions or conclusions.  Reserve your judgment until you have heard <u>all</u> of the

2

testimony and evidence, the closing arguments or summations of the lawyers, and my instructions or explanations to you concerning the applicable law.

Because of your obligation to keep an open mind during the trial, coupled with your obligation to then decide the case only on the basis of the testimony and evidence presented, you must not discuss the case during the trial in any manner among yourselves or with anyone else, nor should you permit anyone to discuss it in your presence; and you should avoid reading any newspaper articles that might be published about the case. You should also avoid seeing or hearing any television or radio comments about the trial.

In addition, you must not visit the scene of the events involved in this case unless I later instruct you to do so.

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or comment I may make that I have opinions on the merits of the case favoring one side or the other. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been nor should you draw any inferences or conclusions from the question itself.

During the trial it may be necessary for me to confer with the lawyers from time to time out of your hearing with regard to questions of law or procedure that require consideration by the court or judge alone. One some occasions you may be excused from the courtroom for the same reason. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

The Order of the trial's proceedings will be as follows: In just a moment the lawyers for each of the parties will be permitted to address you in turn and make what we call their "opening statements." The Plaintiff will then go forward with the calling of witnesses and presentation of evidence during what we call the Plaintiff's case in chief." When the Plaintiff finishes (by announcing "rest"), the Defendant[s] will proceed with witnesses and evidence, after which, within certain limitations, the Plaintiff may be permitted to again call witnesses or present evidence during what we call the "rebuttal" phase of the trial. The Plaintiff proceeds first, and may rebut at the end, because the law places the burden of proof or burden of persuasion upon the Plaintiff (as I will further explain to you as part of my final instructions).

When the evidence portion of the trial is completed, the lawyers will then be given another opportunity to address you and make their summations or final arguments in the case, after which I will instruct you on the applicable law and you will then retire to deliberate upon your verdict.

Now, we will begin by affording the lawyers for each side an opportunity to make their opening statements in which they may explain the issues in the case and summarize the facts they expect the evidence will show.

3

I caution you that the statements that the lawyers make now (as well as the arguments they present at the end of the trial) are not to be considered by you either as evidence in the case or as your instruction on the law.  Nevertheless, these statements and arguments are intended to help you understand the issues and the evidence as it comes in, as well as the positions taken by both sides.  So I ask that you now give the lawyers your close attention as I recognize them for the purposes of opening statements.

SOURCE:  Eleventh Circuit Pattern Jury Instructions

4

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:  6:05-CV-471-ORL-31-KRS

JOANNE KIMBROUGH AND WILLIE
J. KIMBROUGH, SR., et al.,

      Plaintiffs,

vs.

CITY OF COCOA, FLORIDA, et al.,

      Defendants.

_____/

## JURY INSTRUCTION 1

Court's Instructions to the Jury

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the jury room and begin your discussions – what we call your deliberations

SOURCE:  Eleventh Circuit Pattern Jury Instructions 1

Given:      _____

Refused:    _____

Modified:    _____

5

## JURY INSTRUCTION 2.2

**Consideration of the Evidence**
**Duty to Follow Instructions**
**Corporate Party Involved**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may take deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disapprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

SOURCE: Eleventh Circuit Pattern Jury Instructions 2.2

Given:        _____

Refused:      _____

Modified:     _____

6

## JURY INSTRUCTION 2.3

**Consideration of the Evidence**
**Duty to Follow Instructions**
**Governmental Entity or Agency Involved**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way.  A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  When a governmental agency is involved, of course, it may act only through people as its employees; and, in general, a governmental agency is responsible within the scope of their duties as employees of that governmental agency.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make.  "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute.  The law makes no distinction between the weight you my give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case.  And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts.  It is your own recollection and interpretation of the evidence that controls

SOURCE:  Eleventh Circuit Pattern Jury Instructions 2.3

Given:          _____

Refused:        _____

Modified:       _____

7

## **JURY INSTRUCTION 3**

**Credibility of Witnesses**

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision you may believe or disbelieve any witness, in whole or in part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions:  Did the witness impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to have a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly?  Did the witness' testimony differ from other testimony or other evidence?

SOURCE:  Eleventh Circuit Pattern Jury Instructions 3

Given:          _____

Refused:        _____

Modified:       _____

8

# **JURY INSTRUCTION 4.1**

**Impeachment of Witnesses**
**Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember to consider whether that misstatement, you need or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

SOURCE:  Eleventh Circuit Pattern Jury Instructions 4.1

Given:            _____

Refused:          _____

Modified:          _____

9

## <u>JURY INSTRUCTION 5.1</u>

**Expert Witnesses**
**General Instruction**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

SOURCE:  Eleventh Circuit Pattern Jury Instructions 5.1

Given:          _____

Refused:        _____

Modified:       _____

## JURY INSTRUCTION 6.2

**When There Are Multiple Claims Or**
**When Both Plaintiff and Defendant Or**
**Third Parties Have Burden of Proof**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

SOURCE:  Eleventh Circuit Pattern Jury Instructions 6.2

Given:          _____

Refused:         _____

Modified:        _____

11

## JURY INSTRUCTION 7.1

**Duty to Deliberate**
**When Only The Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all disagree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

SOURCE:  Eleventh Circuit Pattern Jury Instructions 7.1

Given:          _____

Refused:        _____

Modified:       _____

12

## **JURY INSTRUCTION 8**

**Election of Foreperson**
**Explanation of Verdict Form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain Verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention.  I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

SOURCE:  Eleventh Circuit Pattern Jury Instructions 8

Given:          _____

Refused:        _____

Modified:       _____

13

## JURY INSTRUCTION 9

**Civil Allen Charge**

Members of the jury, I'm going to ask that you continue your deliberations in an effort to reach agreement upon a verdict and dispose of this case; and I have a few additional thoughts or comments I would like for your to consider as you do so.

This is an important case. The trial has been expensive in terms of time, effort, money and emotional strain to both the plaintiff and the defense. If you should fail to agree on a verdict, the case is left open and may have to be tried again. A second trial would be costly to both sides, and there is no reason to believe that the case can be tried again, by either side, better or more exhaustively than it has been tried before you.

Any future jury would be selected in the same manner and from the same source as you were chosen, and there is not reason to believe that the case could ever be submitted to a jury of people more conscientious, more impartial, or more competent to decide it or that more or clearer evidence could be produced on behalf of either side.

As stated in my previous instructions, it is your duty to consult with one another and to deliberate with a view to reaching agreement if you can do so without violence to your individual judgment. Of course, you must not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict. Each of you must decide the case for yourself, but you should do so only after consideration of the evidence with your fellow jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced it is wrong. To bring your minds to a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard to the opinions of others and with a disposition to reexamine your own views.

If a substantial majority of your number are for a verdict for one party, each of you who hold a different position ought to consider whether your position is a reasonable one since it makes so little impression upon the minds of so many equally honest and conscientious fellow jurors who bear the same responsibility, serve under the same oath, and have heard the same evidence.

You may conduct your deliberations as you choose, but I suggest that you now carefully reexamine and consider all the evidence in the case bearing upon the questions before you in light of the court's instructions on the law.

You may be as leisurely in your deliberations as the occasion may require and you may take all the time that you may feel is necessary.

14

I remind you that in your deliberations you are to consider the instructions I have given to you as a whole.  You should not single out any part of any instruction, including this one, and ignore others.

You may now retire and continue your deliberations.


SOURCE:  Eleventh Circuit Pattern Jury Instructions 9

Given:            _____

Refused:          _____

Modified:         _____

15

## JURY INSTRUCTION

**Civil Rights**
**42 USC §1983 Claims**
**Fourth Amendment Claim**
**Citizen Alleging**
**Unlawful Arrest – Excessive Force**

In this case the Plaintiff claims that the Defendant, police officers, while acting "under color" of state law, intentionally deprived the Plaintiff of the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that while the Defendant, police officers, were acting under color of state law <u>as members of the Police Department of the City of Cocoa</u> they intentionally violated the Plaintiff's constitutional rights not to be seized or arrested without probable cause and to be free from the use of excessive or unreasonable force during an arrest.

Under the Fourth Amendment to the Constitution of the United States, every citizen has the right not to be seized or arrested without probable and  not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though the arrest is otherwise made in accordance with the law.

The law further provides that a person may sue in this Court for an award of money damages against anyone who, "under color" of any state law or custom, intentionally violates the Plaintiff's rights under the Constitution of the United States.

In order to prevail on this claim, the Plaintiff must prove each of the following facts by a preponderance of the evidence:

<u>First</u>:    That the Defendants intentionally or recklessly committed acts that violated the Plaintiff's
          federal constitutional right not to be seized or arrested without probable cause and/or not to be subjected to excessive or unreasonable force during an arrest;

<u>Second</u>:  That in so doing the Defendants acted "under color" of state law; and

<u>Third</u>:    That the Defendants' acts were the proximate or legal cause of damages sustained by the Plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

16

In this case the parties have stipulated or agreed that the Defendants, police officers acted "under color" of state law and you should, therefore, accept that fact as proven.

[A state or local official acts "under color" of state law not only when the official acts within the limits of lawful authority, but also when the official acts without or beyond the bounds of lawful authority.  In order for unlawful acts of an official to be done "under color" of state law, however, the unlawful acts must be done while the official is purporting or pretending to act in the performance of official duty; that is, the unlawful acts must be an abuse or misuse of power which is possessed by the official only because of the position held by the official].

The first aspect of the Plaintiff's claim is that the Plaintiff was seized or arrested without probable cause. Under state law , a police officer has the right to arrest a person without a warrant whenever the officer reasonably believes that such person has committed a misdemeanor offense in the presence of the officer. Loitering and Prowling are  misdemeanor offenses .

The second aspect of the Plaintiff's claim is that excessive force was used by the Defendants in effecting the Plaintiff's arrest.  In that regard, as previously mentioned, every person has the constitutional right not to be subjected to excessive or unreasonable force while being arrested by a law enforcement officer, even though such arrest is otherwise made in accordance with the law.  On the other hand, in making a lawful arrest, an officer has the right to use such force as is reasonably necessary under the circumstances to complete the arrest.  Whether a specific use of force is excessive or unreasonable turns on factors such as the severity of the crime, whether the suspect poses an immediate violent threat to others, and whether the suspect is resisting or fleeing.  You must decide whether the force used in making the arrest was excessive or unreasonable on the basis of that degree of force that a reasonable and prudent law enforcement officer would have applied in making the arrest under the same circumstances disclosed in this case.

If you should find for the Plaintiff and against the Defendants, you must then decide the issue of the Plaintiff's damages.  For damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for that constitutional deprivation, such damages would not have occurred.

In consideration the issue of the Plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant.  Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they also cover both the mental and physical aspects of injury – tangible and intangible.  Thus, no evidence of the value of such intangible things as physical or emotional pain and mental anguish has been or need be introduced.  In that aspect it is not

17

value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage.  There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others;

(a)    Physical or emotional pain and mental anguish. [ put allowable damages here]

The Plaintiff also claims that the acts of the Defendants were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that one or more Defendants did act with malice or reckless indifference to the Plaintiff's federally protected rights, you would be authorized to assess punitive damages against that Defendant or those defendants as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against any of the Defendants, you may consider the financial resources of the Defendant in fixing the amount of such damages and you may assess punitive damages against one or more of the Defendants, and not others, or against more than one Defendant in different amounts.

SOURCE:  Eleventh Circuit Pattern Jury Instructions 2.2

Given:           _____

Refused:          _____

Modified:          _____

18

## JURY INSTRUCTION 2.4.2

**Civil Rights**
**42 USC §1983 Claims**
**Fourteenth Amendment Claim**
**Pretrial Detainee Alleging Deliberate**
**Indifference to Serious Medical Need**

In this case the Plaintiff claims that the Defendants, BREVARD COUNTY SHERIFF'S OFFICE AND PRISON HEALTH SERVICES, INC. while acting "under color" of state law, intentionally violated the Plaintiff's rights under the Constitution of the United States.

Specifically, the Plaintiff claims that the Defendant BREVARD COUNTY SHERIFF'S OFFICE  acted under color of state law and PHS acted under color of state law as an agent of the Brevard County Sheriff's Office pursuant to a contract between the Sheriff and PHS and that both defendants intentionally violated the Plaintiff's right to due process of law under the Fourteenth Amendment to the Constitution.

More specifically, the Plaintiff claims that the Defendants, through the actions of their employees, were deliberately indifferent to the Plaintiff's serious medical needs in violation of the Plaintiff's right, as a pretrial detainee, to necessary medical care and attention.

Under the due process of law clause of the Fourteenth Amendment anyone who is arrested and detained under state law is entitled to necessary medical care.  Thus, PHS and the Sheriff's office would violate that constitutional right if they were deliberately indifferent to an inmate's serious medical need.

A "serious medical need" is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay person would easily recognize the necessity for prompt medical attention.

Notice, however, that deliberate or intentional conduct on the part of the these defendants is required before any violation of the Constitution occurs.  Mere negligence or a lack of reasonable care on the part of them is not enough; the Plaintiff must prove deliberate or intentional conduct  resulting in a deprivation of the Plaintiff's constitutional rights.

In order to prevail on this claim the Plaintiff must prove each of the following facts by a preponderance of the evidence:

First:          that the Plaintiff had a "serious medical need," as previously defined;

19

Second:        That the Defendant was aware of the Plaintiff's serious medical need;

Third:         That the Defendant with deliberate indifference, failed to provide the necessary medical care;

Fourth:        That in so doing the Defendant acted "under color" of state law; and

Fifth:         That the Defendant's acts were the proximate or legal cause of the damages sustained by the Plaintiff.

In the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

With regard to the fourth required element of proof – that the Defendant acted "under color" of state law – that fact is not disputed in this case and you may accept that fact as proved. With regard to the fifth required element of proof – that the Defendant's acts were the proximate or legal cause of damages sustained by the Plaintiff – remember that for damages to be the proximate or legal result of a constitutional deprivation, it must be shown that, except for the constitutional deprivation, such damages would not have occurred.

If you find for the Plaintiff and against the Defendant, you will then consider the Plaintiff's claim for damages.

In considering the issue of the Plaintiff's damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury – tangible and intangible. Thus, no evidence of the value of such intangible things as physical and emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiff for those claims of damage. There is no exact standard to be applied; and such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)    emotional pain and mental anguish   (put in allowable damages)

20

(b)    Nominal damages (as explained in these instructions); and

(c)    Punitive damages, if any (as explained in the Court's instructions)]

The Plaintiff also claims that the acts of PHS were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiff, and if you further find that PHS did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against PHS as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against PHS, you may consider the financial resources of PHS in fixing the amount of such damages.

SOURCE:  Eleventh Circuit Pattern Jury Instructions 2.4.2

Given:        _____

Refused:      _____

Modified:     _____

21

## JURY INSTRUCTION 2.1

**Punitive Damages**
**In General**

The Plaintiff also claims that the acts of PHS and the individual police officers were done with malice or reckless indifference to the Plaintiff's federally protected rights so as to entitle the Plaintiff to an award of punitive damages in addition to compensatory damages.  No claim for punitive damages is made against the other defendants.

If you find for the Plaintiff, and if you further find that any of these Defendants did act with malice or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against a Defendant or Defendants as punishment and as a deterrent to others.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiff in the case and for only that conduct.  For example, you cannot assess punitive damages for the Defendant being a distasteful individual or business.  Punitive damages are meant to punish the Defendant for this conduct only and not for conduct that occurred at another time.  Your only task is to punish the Defendant for the actions they took in this particular case.  If you find that punitive damages should be assessed against any of these Defendants, you may consider the financial resources of the Defendant in fixing the amount of such damages and you may assess punitive damages against one or more of these Defendants, and not others, or against more than one Defendant in different amounts.

SOURCE:  Eleventh Circuit Pattern Jury Instructions (Modified)

Given:          _____

Refused:          _____

Modified:          _____

22

## JURY INSTRUCTION 3.3

**Mortality Tables – Actuarial Evidence**
**Life Expectancy of Decedent**

In determining how long someone would have lived, if the person had lived out a normal life, you may consider for the person's normal life expectancy at the time of death.  The mortality tables received in evidence may be considered in determining how long a person may have been expected to live.  Such tables are not binding on you but may be considered together with other evidence in the case bearing on the decedent's health, age, and physical condition, before the injury and death, in determining the probable length of the decedent's life.

SOURCE:  Eleventh Circuit Pattern Jury Instructions

Given:          _____

Refused:        _____

Modified:       _____

23

## JURY INSTRUCTION 3.4

**Mortality Tables – Actuarial Evidence**
**Life Expectancy of Survivor**

In determining the duration of any future loss by the survivor because of the death of the decedent, you should consider the joint life expectancy of the survivor and the decedent.  The mortality tables received in evidence may be considered together with the other evidence in the case in determining how long each may have been expected to live.

SOURCE:  Eleventh Circuit Pattern Jury Instructions

Given:          _____

Refused:        _____

Modified:       _____

24

## JURY INSTRUCTION 6.1

**Attorneys Fees and Court Costs**

If you find for the Plaintiff you must not take into account any consideration of attorneys fees or court costs in deciding the amount of Plaintiff's damages.  The matter of attorney's fees and court costs will be decided later by the court.

SOURCE:  Eleventh Circuit Pattern Jury Instructions

Given:            _____

Refused:         _____

Modified:        _____

## <u>JURY INSTRUCTION 87-65</u>

**The Statute**

The law to be applied in this case is 42 U.S.C. sec. 1983, the federal civil rights law, which provides a remedy for individuals (or other entities) who have been deprived of their constitutional (or statutory) rights under color of state law.

Section 1983 of Title 42 of the United States Code states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:  _____

Refused:  _____

Modified:  _____

26

## <u>JURY INSTRUCTION 87-66</u>

**Purpose of the Statute**

Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes.  Before section 1983 was enacted in 1871, people so injured were not able to sue state officials or persons acting under color of state law for money damages in federal court.  In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:         _____

Modified:        _____

27

## <u>JURY INSTRUCTION 87-67</u>

**Burden of Proof**

I shall shortly instruct you on the elements of plaintiff's section 1983 claim, and on the elements of defendant's qualified immunity defense.

The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence.  If you find that any one of the elements of plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, against one or more defendants you must return a verdict for that defendant or defendant's.

The defendants have the burden of proving each element of their affirmative defense.  I shall shortly instruct you on the elements of this defense.  If you find that any one of the elements of defendant's defense has not been proven by a preponderance of the evidence, you must disregard the defense.

SOURCE:  Modern Federal Jury Instructions – Civil (modified for multiple defendants)

Given:          _____

Refused:        _____

Modified:       _____

28

# JURY INSTRUCTION 87-68

**Elements of a Section 1983 Claim**

To establish a claim under section 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine the three elements in greater detail.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:        _____

Modified:       _____

29

## JURY INSTRUCTION 87-69

**Definition**

The first element of the plaintiff's claim is that the defendants acted under color of state law.  The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia).  The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency,

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state.  Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's action was made possible by virtue of state law.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:        _____

Modified:       _____

30

## <u>JURY INSTRUCTIONS 87-70</u>

**Acting Under Color of State Law as a Matter of Law**

Whether the defendants committed the acts alleged by the plaintiff is a question of fact for you, the jury, to decide.  I will instruct you in a moment on how you will decide that issue.  For now, assuming that the defendants did commit those acts, I instruct you that, since the defendants were  officials of the City of Cocoa or the County of Brevard at the time of the acts in question, they were acting under color of state law.  In other words, the first statutory requirement is satisfied.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:        _____

Modified:       _____

31

## <u>JURY INSTRUCTION 87-72</u>

**Private Actor Engaged in State Action**

Whether the defendant PHS committed the acts alleged by the plaintiff is a question of fact for you, the jury, to decide.  I will instruct you in a moment on how you will decide that issue.  For now, assuming that the defendant PHS did commit those acts, I instruct you that the defendant was acting under color of state law.  Although this is a case against a private company and not against a state official, I am instructing you that the relationship between the defendant and the state was sufficiently close so that the defendant was acting under color of state law.  In other words, the first statutory requirement is satisfied.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:            _____

Refused:        _____

Modified:       _____

# JURY INSTRUCTION 87-74

**General Instruction**

The second element of plaintiff's claim is that he was deprived of a federal right by these defendants.  In order for the plaintiff to establish the second element, he must show these things by a preponderance of the evidence; first, that the defendants committed the acts alleged by plaintiff; second, that those acts caused the plaintiff to suffer the loss of a federal right; and, third, that, in performing the acts alleged, the defendants acted intentionally or recklessly.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:        _____

Modified:       _____

33

## <u>JURY INSTRUCTION 87-74A</u>

**Unlawful Arrest**

Under the United States Constitution, no person may be arrested without due process of law.  In other words, a person may not be arrested without probable cause for such an arrest.  This means that a police officer must have information that would lead a reasonable person who possesses the same official expertise as the officer to conclude that the person being arrested has committed or is about to commit a crime, whether in the police officer's presence or otherwise.

In the instant case,  the plaintiff claims that he was unlawfully arrested.  As already noted, you must first determine that the defendant acted in the manner the plaintiff alleges.  In order to determine that the acts caused the plaintiff to suffer the loss of a federal right, specifically, here, the deprivation of liberty without due process of law due to an unlawful arrest, you must then determine whether the defendant acted within or outside the boundaries of his or her lawful authority to make such arrest using the reasonableness standard just enunciated.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:　　　　　_____

Refused:　　　　_____

Modified:　　　 _____

34

## JURY INSTRUCTION 87-74C

**Excessive Force**

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested. In other words, a law enforcement official may only employ the amount of force necessary under the circumstances to make the arrest.

In the instant case, the plaintiff claims that he was subjected to excessive force by the defendant (name each officer Defendant except Dobson) when the defendant arrested the plaintiff. Again, you first must determine whether the defendant committed the alleged acts. To determine whether the acts caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used to effect the arrest was that which a reasonable officer would have employed in effecting the arrest under similar circumstances. In making this determination, you may take into account the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the defendant or others, and whether the plaintiff actively resisted arrest or attempted to evade arrest by flight. However, you do not have to determine whether the defendant had less intrusive alternatives available for the defendant need only to have acted within that range of conduct identified as reasonable. If you find that the amount of force used was greater than a reasonable person would have employed, the plaintiff will have established the claim of loss of a federal right.

SOURCE: Modern Federal Jury Instructions - Civil

Given: _____

Refused: _____

Modified: _____

35

## <u>JURY INSTRUCTION 87-74D</u>

**Deliberate Indifference**

Plaintiff alleges that the defendants PHS and the Brevard County Sheriff's Office were deliberately indifferent to the serious medical needs of Mr Kimbrough.  When prison officials are so deliberately indifferent to serious medical needs as to unnecessarily and wantonly inflict pain, they impose cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution.  The plaintiff must demonstrate by a preponderance of the evidence that the defendants knew of and disregarded an excessive risk to the plaintiff's health and safety – in other words, the defendants must have both been aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and he also must have drawn such an inference.  Mere negligence is not enough, nor is it enough that a reasonable person would have known, or that the defendant should have known, of the serious medical needs.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:	_____

Refused:	_____

Modified:	_____

36

## JURY INSTRUCTION 87-75

**State of Mind – General**

I instruct you that, to establish a claim under section 1983, the plaintiff must show that the defendant acted intentionally or recklessly.  If you find that the acts of the defendant were merely negligent, then, even if you find that the plaintiff was injured as a result of those acts, you must return a verdict for the defendant.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:        _____

Modified:       _____

## JURY INSTRUCTION 87-76

**State of Mind – Intentional**

An act is intentional if it is done knowingly, that is if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason. In determining whether the defendants acted with the requisite knowledge, you should remember that while a witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:        _____

Modified:       _____

# **JURY INSTRUCTION 87-77**

**State of Mind – Recklessness**

An act is reckless if done in conscious disregard of its known probable consequences.  In determining whether the defendants acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:            _____

Refused:          _____

Modified:         _____

39

## <u>JURY INSTRUCTIONS 87-78</u>

**State of Mind – Negligence**

An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:        _____

Modified:       _____

40

## JURY INSTRUCTIONS 87-79

**Proximate Cause – Generally**

The third element which plaintiff must prove is that the defendant's acts were a proximate cause of the injuries sustained by the plaintiff. Proximate cause means that there must be a sufficient causal connection between the act or omission of a defendant and any injury or damage sustained by the plaintiff. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury, that is, if the injury or damage was a reasonably foreseeable consequence of the defendant's act or omission. If an injury was a direct result or a reasonably probable consequence of a defendant's act or omission, it was proximately caused by such act or omission. In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of the defendant. If you find that the defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of the defendant's conduct, you must find that the defendant did not proximately cause plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury which intervenes between the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:          _____

Modified:          _____

41

## JURY INSTRUCTION 87-80

**Supervisory Officials**

If you find that the conduct of the subordinate (or supervised person) denied the plaintiff a right guaranteed by federal law, you must consider whether the supervisor (or supervisory official) caused that conduct.   If the supervisor did cause the conduct, then he is liable under section 1983 for the denial of plaintiff's constitutional right.

The standards for assessing whether the supervisor proximately caused plaintiff's constitutional injury are different from the standards for assessing the subordinate's liability.  If the subordinate denied plaintiff a constitutional right, a supervisor is not liable for such a denial simply because of the supervisory relationship.

But there are circumstances under which you may find that the supervisor has caused plaintiff's injury, and thus is liable for the illegal conduct of the subordinate.  Two such circumstances exist.  First, if you find that the supervisor has done something affirmative to cause the injury to the plaintiff – for example, by directing the subordinate to do the acts in question – you should find that the supervisor caused the injury.  Second, if you find that the supervisor failed to carry out his duty to oversee the subordinate, knowing that his failure to do so probably would cause a deprivation of the plaintiff's rights by the subordinate, you should find that the supervisor caused the injury.  A finding of either circumstance is enough to establish that the supervisor caused the injury. I will explain each of these in detail.

To find that the supervisor did something affirmative to cause injury to the plaintiff, you must find by a preponderance of the evidence that the supervisor was personally involved in the conduct that caused plaintiff's injury.  Personal involvement does not mean only that the defendant supervisor directly, with his own hands, deprived plaintiff of his rights.  The law recognizes that the supervisor can act through others, setting in motion a series of acts by subordinate that the supervisor knows, or reasonably should know, would cause the subordinates to inflict the constitutional injury.  Thus, plaintiff meets his burden of proof as to the personal involvement of the supervisor in the subordinate's conduct if he proves by a preponderance of the evidence that the deprivation of his right took place at the supervisor's direction, or with the supervisor's knowledge, acquiescence or consent.  The supervisor may give his consent expressly or his consent may be implied because of his knowledge of or acquiescence in the subordinate's unconstitutional conduct.

42

In the absence of personal involvement, you may still find that the supervisor caused the injury to the plaintiff if you find that he failed to carry out his duty to oversee the subordinate.  To make such a finding, you must conclude by a preponderance of the evidence that the supervisor had a duty to oversee the subordinate, that he grossly disregarded that duty, and that a reasonable person in the supervisor's position would have known that his dereliction of duty probably would cause a deprivation of rights.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:            _____

Refused:          _____

Modified:         _____

43

## JURY INSTRUCTIONN 87-81

**Municipalities – General Instruction**

The fact that an employee of a municipality deprived the plaintiff of a federal right is not alone a sufficient basis for holding the municipality liable to the plaintiff. Before you can hold the municipality liable, the plaintiff must establish by a preponderance of evidence that the action of the employee which deprived him of his federal right was the result of an "official policy" of the municipality or a governmental custom, even though such a custom has not received formal approval through the body's official decision-making channels. Thus, before you can hold the municipality liable, you must be convinced that the acts in question were officially sanctioned or ordered by the municipality.

There is no requirement, however, that the action was taken pursuant to a long-standing or regularly applied policy of the municipality. A government frequently chooses a course of action tailored to a particular situation. Even if you determine that the particular policy was established for a single occasion, you may still find that it represented an official policy of the municipality, provided that a deliberate choice to follow a course of action was made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question.

SOURCE: Modern Federal Jury Instructions - Civil

Given:          _____

Refused:          _____

Modified:          _____

44

## **JURY INSTRUCTION 87-83**

**Municipalities – Practice and Custom**

Whether an official practice or custom exists is a question of fact for you to determine.   A practice or custom is a persistent, widespread course of conduct by municipal officials (or employees) that has become a traditional way of carrying out policy, and has acquired the force of law, even though the municipality has not formally adopted or announced the custom.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:            _____

Refused:          _____

Modified:         _____

45

## <u>JURY INSTRUCTION 87-84</u>

**Municipalities – Attributing the Policy, Practice or
Custom to the Municipality**

The governing body of the municipality or county or an official or body to whom the governing body has delegated final policymaking authority  are policymaking entities or officials whose actions can be said to represent a decision of the government itself. The governing body or the policymaking official may cause injury by direct orders, by ratifying a subordinate's decision and the basis for it, or by establishing a policy for municipal employees that, when followed by those employees, results in the injury.

I instruct you that Police Chief David Crawford and Sheriff Philip Williams are policymaking officials whose actions may be attributed to the  City and County respectively.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:          _____

Modified:          _____

46

## JURY INSTRUCTION 87-86

**Qualified Immunity**

At the time of the incidents giving rise to the lawsuit, it was clearly established law that police cannot use excessive force in effecting arrests and they must provide necessary medical care to arrestees.  Even if you find that a defendant did use excessive force and/or failed to stop another officer from using excessive force and/or failed to provide necessary medical care to the arrestee, however, the defendant still may not be liable to the plaintiff.  This is so because the defendant may be entitled to what is called a qualified immunity.  If you find that he is entitled to what is called a qualified immunity you may not find him liable.

The defendant will be entitled to a qualified immunity if, at the time he used excessive force and/or failed to stop another officer from using excessive force and/or failed to provide necessary medical care he neither knew nor should have known that his actions were contrary to federal law.  The simple fact that the defendant acted in good faith is not enough to bring him within the protection of this qualified immunity.  Nor is the fact that the defendant was unaware of the federal law.  The defendant is entitled to a qualified immunity only if he did not know what he did was in violation of federal law and if a competent public official could not have been expected at the time to know that the conduct was in violation of federal law.

In deciding what a competent official would have known about the legality of defendant's conduct, you may consider the nature of defendant's official duties, the character of his official position, the information which was known to defendant or not known to him, and the events which confronted him.   You must ask yourself what a reasonable official in defendant's situation would have believed about the legality of defendant's conduct.  You should not, however, consider what the defendant's subjective intent was, even if you believe it was to harm the plaintiff.  You may also use your common sense.  If you find that a reasonable official in defendant's situation would believe his conduct to be lawful, then this element will be satisfied.

The defendant has the burden of proving that he neither knew nor should have known that his actions violated federal law.  If the defendant convinces you by a preponderance of the evidence that he neither knew nor should have known that his actions violated federal law, then you must return a verdict for the defendant, even though you may have previously found that the defendant in fact violated the plaintiff's rights under color of state law.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:        _____

Refused:       _____

47

Modified: _____

## **JURY INSTRUCTION 87-87**

**Compensatory Damages**

Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendant should be held liable.

If you return a verdict for the plaintiffs, then you must consider the issue of actual damages.

If you return a verdict for the plaintiffs, then you must award them such sum of money as you believe will fairly and justly compensate them for any injury you believe they actually sustained as a direct consequence of the conduct of the defendant.

You shall award actual damages only for those injuries which you find that plaintiff has proven by a preponderance of the evidence. Moreover, you shall award actual damages only for those injuries which you find plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of section 1983. That is, you may not simply award actual damages for any injury suffered by plaintiff – you must award actual damages only for those injuries that are a direct result of actions by the defendant and that are a direct result of actions by this defendant and that are a direct result of conduct by the defendant which violated plaintiff's federal rights under color of law.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

SOURCE: Modern Federal Jury Instructions - Civil

Given: _____

Refused: _____

Modified: _____

48

## JURY INSTRUCTION 87-88

**Damages for the Mere Fact of Violation**

If you return a verdict for the plaintiff, but find that plaintiff has failed to prove by a preponderance of the evidence that he suffered any actual damages, then you must return an award of damages in some nominal or token amount not to exceed the sum of one dollar.

Nominal damages must be awarded when the plaintiff has been deprived by defendant of a constitutional right but has suffered no actual damage as a natural consequence of that deprivation.  The mere fact that a constitutional deprivation occurred is an injury to the person entitled to enjoy that right, even when no actual damages flow from the deprivation.  Therefore, if you find that plaintiff has suffered no injury as a result of the defendant's conduct other than the fact of a constitutional deprivation, you must award nominal damages not to exceed one dollar.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:          _____

Modified:          _____

49

## <u>JURY INSTRUCTION 87-89</u>

**Causation and Damages**

I have said that you may award damages only for those injuries which you find the plaintiff has proven by a preponderance of evidence to have been the direct result of conduct by the defendant in violation of section 1983.  You must distinguish between, on the one hand, the existence of a violation of the plaintiff's rights and, on the other hand, the existence of injuries naturally resulting from that violation.  Thus, even if you find that the defendant deprived the plaintiff of his rights in violation of section 1983, you must ask whether the plaintiff has proven by a preponderance of evidence that the deprivation caused the damages that he claims to have suffered.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:          _____

Modified:          _____

50

## **JURY INSTRUCTION 87-90**

**Mitigation of Damages**

If you find that the plaintiff was injured as a natural consequence of conduct by the defendant in violation of section 1983, you must determine whether the plaintiff could thereafter have done something to lessen the harm that he suffered.  The burden is on the defendant to prove, by a preponderance of evidence, that the plaintiff could have lessened the harm that was done to him, and that he failed to do so.  If the defendant convinces you that the plaintiff could have reduced the harm done to him but failed to do so, the plaintiff is entitled only to damages sufficient to do so, the plaintiff is entitled only to damages sufficient to compensate him for the injury that he would have suffered if he had taken appropriate action to reduce the harm done to him.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:        _____

Modified:       _____

51

52

## JURY INSTRUCTION 87-92

**Exemplary or Punitive Damages against PHS and the defendant police officers**

If you award the plaintiffs actual damages against defendant PHS or any of the defendant police officers then you may also make a separate and additional award of exemplary or punitive damages against those defendants. You may also make an award of punitive damages even though you find that plaintiffs have failed to establish actual damages. Punitive damages are awarded, in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiffs punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly. An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. The plaintiffs have the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to Mr. Kimbrough's rights.

An intent to injure exists when the defendant has a conscious desire to violate federal rights of which he is aware, or when the defendant has a conscious desire to injure plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that defendant has a conscious desire to violate rights or injure plaintiff unlawfully.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate the plaintiff's federal rights or unlawfully injure him or if you find that defendant acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or

53

prevent other persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages.  That is, in fixing the sum to be awarded, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter defendant or persons like him from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded.  Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:        _____

Modified:        _____

54

## JURY INSTRUCTION 77-2

**Multiple Claims – Multiple Defendants**

I have two more cautionary instructions before I define the types of damages you may award, if you find that the plaintiff has proved liability according to the standards I have enumerated.

First, you should not award compensatory damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim – he is only entitled to be made whole again, not to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries.

With respect to punitive damages, you may make separate awards on each claim that is established.

Second, you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there are 15 defendants in this case, it does not follow that if one is liable, all or any one of the others are liable as well. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. Thus, if you find that the defendant who you find to be liable acted jointly, then you may treat them jointly for the purpose of ongoing damages. If you decide that two or more of the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:            _____

Refused:         _____

Modified:        _____

55

## JURY INSTRUCTION 72-1

**Corporate Parties**

In this case, one of the defendants is a corporation. The mere fact that one of the parties is a corporation does not mean it is entitled to any lesser consideration by you. All litigants are equal before the law, and corporations, big or small, are entitled to the same fair consideration as you would give any other individual party.

SOURCE: Modern Federal Jury Instructions - Civil

Given:          _____

Refused:        _____

Modified:       _____

56

<u>**JURY INSTRUCTION 72-2**</u>

**Corporate Responsibility**
**(Express, Apparent, Implied Authority Defined)**

A corporation is a creation of state law and can act only through its agents – that is, its employees, officers or authorized representatives.  In order to find that the act of an employee or agent was binding on the corporation you must find that they had authority to act in the manner in which he or she is alleged to have acted.

This authority may be express, apparent or inherent.  Express authority is created by the direct verbal or written giving of that authority by the corporation to its agent.  For example, express authority to perform certain duties may be part of an employee's contract.

Apparent authority, on the other hand, is the authority which a principal by reason of its acts and conduct leads a third person reasonably to believe that its agent possesses.  Apparent authority can be created by appointing a person to a position, such as manager, treasurer or other, which position carries generally recognized duties.  In other words, apparent authority is based on a "holding out to the world" of the agent, in his particular position, by the corporation.  To third parties who deal with this agent, knowing of his position, the agent has apparent authority to do all those things ordinarily done by someone in that position, regardless of any unknown limitations which are imposed on the particular agent.  In such circumstances, the corporation is bound to third parties, who are unaware of any lack of authority to the same extent as if the power to act had been directly conferred.  Therefore, if you find that the corporation has, by reason of its words or conduct, led a third party to rely on the appearance of the particular case, then the corporation is responsible for such acts of its agent as if the corporation itself committed the acts.

There are also situations in which an agent has inherent authority to bind the corporation even when the corporation has not granted the employee either the express or apparent authority to act on its behalf.  This inherent authority may exist, provided the acts in question are within the scope of his or her employment, even though the acts may be criminal or tortuous.  An act is within the scope of employment if it is sufficiently related to the kind the employee was employed to perform, if it is sufficiently related to the kind the employee was employed to perform, if it was done substantially within the time and space limits of the job and was actuated, at least in part, by a purpose to serve the corporation.

57

Therefore, if you find that the employee or  agent acted with express, apparent, or inherent authority to bind the corporation, you may find that the corporation was responsible for her conduct.


SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:         _____

Modified:         _____

59

## JURY INSTRUCTION 74-13

**Interrogatories**

You have heard and seen evidence in this case which is in the form of interrogatories.

Interrogatories are written questions posed by one side which call for written answers under oath from the other side. Both the questions and answers are made prior to trial after the case has begun in what is called pretrial discovery, and each side is entitled to seek such discovery from the other.

You may consider a party's answers to interrogatories as evidence against a party who made the answer, just as you would any other evidence which has been admitted in this case.

In this regard, you are not required to consider a party's answers to interrogatories as true, nor are you required to give them more weight than any other evidence. It is up to you to determine what weight, if any, should be given to the interrogatory answers which have been admitted as evidence.

One cautionary word on this subject: while you may consider the interrogatory answers as evidence against the party who gave the answers, you may not consider the answers against any other party, nor may you consider the answers as evidence against the party who posed the interrogatory questions. You may only consider the interrogatory answer as evidence against the party who gave the answer.

SOURCE: Modern Federal Jury Instructions - Civil

Given: _____

Refused: _____

Modified: _____

60

## **JURY INSTRUCTION 74-14**

**Depositions**

Some of the testimony before you is in the form of depositions which have been received in evidence.  A deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial.  This is part of the pretrial discovery, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:  _____

Refused:  _____

61

## JURY INSTRUCTIONN 73-2

**Burden of Proof - Preponderance of the Evidence**

The party with the burden of proof on any given issue has the burden of proving every disputed element of his claim to you by a preponderance of the evidence.  If you conclude that the party hearing the burden of proof has failed to establish his claim by a preponderance of the evidence, you must decide against him on the issue you are considering.

What does a "preponderance of evidence" mean?  To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true.  A preponderance of the evidence means the greater weight of the evidence.  It refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents.  In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If you find that the credible evidence on a given issue is evenly divided between the parties – that it is equally probable that one side is right as it is that the other side is right – then you must decide that issue against the party having this burden of proof.  That is because the party bearing this burden must prove more than simple equality of evidence – he must prove the element at issue by a preponderance of the evidence.  On the other hand, the party with this burden of proof need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of the party with this burden of proof – that what the party claims is more likely true than not true – then that element will have been proved by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this and you should put it out of your mind.

SOURCE:  Modern Federal Jury Instructions - Civil

Given: _____

Refused: _____

Modified: _____

## JURY INSTRUCTION 74-4

**Stipulation of Facts**

A stipulation of facts is an agreement among the parties that a certain fact is true.  You must regard such agreed facts as true.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:          _____

Modified:          _____

63

## <u>JURY INSTRUCTION 74-1</u>

**What Is and Is Not Evidence**

The evidence in this case is the sworn testimony of the witnesses, the exhibits, received in evidence, stipulations, and judicially noticed facts.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose – such as for the purpose of assessing a witness' credibility – you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless they have been received in evidence by the court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

It is for your alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:         _____

Modified:         _____

65

## JURY INSTRUCTION 74-2

**Direct and Circumstantial Evidence**

There are two types of evidence which you may properly use in reaching your verdict.

One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses – something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved is its present existence or condition.

Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse.

Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based (*e.g.*, a preponderance of) all the evidence presented.

SOURCE: Modern Federal Jury Instructions - Civil

Given: _____

Refused: _____

Modified: _____

66

## <u>JURY INSTRUCTION 74-10</u>

**Statements by Patient to Doctor**

You have heard the testimony of Dr Aileen Norgell, a physician concerning statements made by Mr. Willie Kimbrough Jr., who was a patient, for the purpose of facilitating medical diagnosis or treatment.  These statements included descriptions of the patient's medical history and symptoms and the general cause of his illness.  You may consider these statements as evidence of the facts stated.  It is up to you, the jury, to decide what weight, if any, to give these statements, just as you would any other evidence.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:         _____

Modified:        _____

67

# JURY INSTRUCTION 75-1

**Inference Defined**

During the trial you have heard the attorneys use the term "inference' and in their arguments they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The plaintiff asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw – but not required to draw – from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

SOURCE: Modern Federal Jury Instructions - Civil

Given:          _____

Refused:        _____

Modified:       _____

68

## JURY INSTRUCTION 75-3

**Uncalled Witness Not Equally Available**

You have heard evidence about a witness who has not been called to testify. Counsel for plaintiff has argued that this witness could have given material testimony in this case, and that the defendant was in the best position to produce this witness.

If you find that this witness could have been called as a witness by the defendant, and that defendant was is in the best position to produce him, and that this witness would have given important new testimony, then you are permitted, but not required, to infer that the testimony of this witness would have been unfavorable to the defendant.

In deciding whether to draw this inference you should consider whether this witness' testimony would merely have repeated other testimony and evidence already before you. You may also consider whether the defendant had a reason for not calling this witness which was explained to your satisfaction.

Any inference you decide to draw should be based on all of the facts and circumstances in this case.

SOURCE: Modern Federal Jury Instructions - Civil

Given:          _____

Refused:       _____

Modified:      _____

69

## <u>JURY INSTRUCTION 75-6</u>

**Party's Failure to Testify**

Counsel for plaintiff (*or* defendant) has argued that the defendant (*or* plaintiff) had important information within his knowledge which he did not (*e.g.*, testify about/produce in evidence). (For example, he was asked [insert question] and he gave the following response [insert response].)

If you find that the defendant had knowledge of important facts which he failed to provide in response to plaintiff's questions, you are permitted, but not required to infer that the withheld information would have been unfavorable to the defendant.

You are reminded that any inference you may draw should be based on all of the facts and circumstances in this case.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:        _____

Modified:       _____

70

## **JURY INSTRUCTION 75-7**

**Party's Failure to Produce Evidence**

You have heard testimony about evidence which has not been produced.  Counsel for plaintiff  has argued that this evidence was in defendant's  control and would have proven facts material to the matter in controversy.

If you find that the defendant could have produced the evidence, and that the evidence was within his or her control, and that this evidence would have been material in deciding among the facts in dispute in this case, then you are permitted, but not required, to infer that the evidence would have been unfavorable to the defendant.

In deciding whether to draw this inference, you should consider whether the evidence not produced would merely have duplicated other evidence already before you. You may also consider whether the defendant had a reason for not producing this evidence, which was explained to your satisfaction.  Again, any inference you decide to draw should be based on all of the facts and circumstances in this case.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:          _____

Modified:          _____

71

## JURY INSTRUCTION 77-2

**Multiple Claims – Multiple Defendants**

I have two more cautionary instructions before I define the types of damages you may award, if you find that the plaintiff has proved liability according to the standards I have enumerated.

First, you should not award compensatory damages more than once for the same injury. For example, if a plaintiff were to prevail on two claims and establish a one dollar injury, you could not award him one dollar compensatory damages on each claim – he is only entitled to be made whole again, not to recover more than he lost. Of course, if different injuries are attributed to the separate claims, then you must compensate him fully for all of the injuries.

With respect to punitive damages, you may make separate awards on each claim that is established.

Second, you must be careful to impose any damages that you may award on a claim solely upon the defendant or defendants who you find to be liable on that claim. Although there are (*e.g*., four) defendants in this case, it does not follow that if one is liable, all or any one of the others are liable as well. Each defendant is entitled to fair, separate and individual consideration of the case without regard to your decision as to the other defendants. If you find that only one defendant is responsible for a particular injury, then you must impose damages for that injury only upon that defendant.

Nevertheless, you might find that more than one defendant is liable for a particular injury. If two or more persons unite in an intentional act that violates another person's right, then all of those persons are jointly liable for the acts of each of them; the law does not require the injured party to establish how much of the injury was done by each particular defendant that you find liable. Thus, if you find that the defendants who you find to be liable acted jointly, then you may treat them jointly for purposes of ongoing damages. If you decide that two or more (both) of the defendants are jointly liable on a particular claim, then you may simply determine the overall amount of damages for which they are liable, without breaking that figure down into individual percentages.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:          _____

Modified:          _____

72

## JURY INSTRUCTION 77-3

**Compensatory Damages**

The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendant's violation of the plaintiff's rights. If you find that the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him or her for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages."  Compensatory damages seek to make the plaintiff whole – that is, to compensate him or her for the damage suffered.

I remind you that you may award compensatory damages only for injuries that a plaintiff proves were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive.  You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he or she is reasonably likely to suffer in the near future.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense.  Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork.  On the other hand, the law does not require a plaintiff to prove the amount of his or her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:  _____

Refused:  _____

Modified:  _____

## JURY INSTRUCTION 78-1

**Right To See Exhibits and Hear Testimony;**
**Communications With Court**

You are about to go into the jury room and begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request that they be

73

brought into the jury room.  If you want any of the testimony read back to you, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.

Your requests for exhibits or testimony – in fact any communication with the court – should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:  _____

Refused:  _____

Modified:  _____

74

# JURY INSTRUCTION 78-8

**General Verdict Accompanied by Answers to Interrogatories**

I have prepared two forms for you to use in recording your decisions. The first is a general verdict form. On this form, there are spaces to indicate our verdict on each of the plaintiff's claims against the defendants .You should return a verdict on each claim .

The second form contains interrogatories, or written questions, about some of the issues in this case. These questions are to be answered "yes" or "no." You should answer every question on this second form (except where the form indicates otherwise).

Your general verdict and your answers to the special questions must (be unanimous and must) reflect the conscientious judgment of each juror.

SOURCE:  Modern Federal Jury Instructions - Civil

Given:          _____

Refused:        _____

Modified:       _____

75

# <u>JURY INSTRUCTION 78-9</u>

**Special Verdict**

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case.  These questions are to be answered "yes" or "no."  Your answers must (be unanimous and must) reflect the conscientious judgment of each juror.  You should answer every question (except where the verdict form indicates otherwise).


SOURCE:  Modern Federal Jury Instructions - Civil

Given:  _____

Refused:  _____

Modified:  _____

76

## SPECIAL JURY INSTRUCTION ADVERSE INFERENCE

In this case, there has been evidence that PHS, or its agents intentionally destroyed part of Kimbrough's Medical records at the Brevard County Detention Center, after FDLE requested the records. You the jury can infer from the destruction of those records that the evidence would have been unfavorable for PHS, and would assist Plaintiff in proving all of their claims against PHS.

SOURCE: *Martino v. Wal-Mart* 908 So.2d 342 (Fla. 2005).

Given:            _____

Refused:          _____

Modified:         _____

77

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


JOANNE KIMBROUGH and
WILLIE J. KIMBROUGH, SR.,

       Plaintiff,

vs.                                                          CASE NO:  6:05-cv-471-Orl-31KRS

CITY OF COCOA, et al.,

       Defendants.

_____          /


**DEFENDANTS, PRISON HEALTH SERVICES, INC., AILEEN NORGELL
BEVERLY WOOD AND SANDY LATIER'S INSTRUCTIONS TO THE JURY**

### **DEFENDANTS' REQUESTED JURY INSTRUCTION NO.** ____

Members of the Jury:

I will explain to you the rules of law that you must follow and apply in deciding this case.

When I have finished you will go to the Jury room and begin your discussions - -

what we call deliberations.


Authority: Introduction

### DEFENDANTS' REQUESTED JURY INSTRUCTION NO.

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that a governmental agency or corporation is involved as a party must not affect your decision in any way. A governmental agency or corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a governmental agency or corporation is involved, of course, it may act only through people as its employees; and, in general, a governmental agency or corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of that governmental agency or corporation.

In your deliberations you should consider only the evidence - - that is, the testimony of the witnesses and the exhibits I have admitted in the record - - but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness.  "Circumstantial evidence" is proof of a chain of facts and circumstances tending to you may give to either direct or circumstantial evidence.

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience. "Inferences are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

Remember that anything the 'lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said recollection and interpretation of the evidence that controls.

Authority: 2.3 Consideration of the Evidence Duty to Follow Instructions Governmental Entity or Agency Involved.

## <u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO.    </u>

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly?

Did the witness' testimony differ from other testimony or other evidence?

Authority: 3 Credibility of Witness

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO.____

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe the testimony of that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Authority: 4.2 Impeachment of Witnesses Inconsistent Statement and Felony Conviction

## **DEFENDANTS' REQUESTED JURY INSTRUCTION NO.**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

When a witness has been or will be paid for reviewing and testifying concerning the evidence, you may consider the possibility of bias and should view with caution the testimony of such a witness where court testimony is given with regularity and represents a significant portion of the witness' income.

Authority: 5.2 When Expert Witness Fees Represent a Significant Portion of the Witness' Income

## <u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO.    </u>

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

Authority: 6.2 Burden of Proof when there are Multiple Claims or when Both Plaintiff and Defendant or Third Parties Have Burden of Proof.

## **DEFENDANTS' REQUESTED JURY INSTRUCTION NO.**

The weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses that does not produce in your minds belief in the likelihood of truth, as against the testimony of a lessor number of witnesses or other evidence producing such belief in your minds.

The test is not which side brings the greater number of witnesses or take the most time to present its evidence, but which witnesses and which evidence appeal to your minds as being most accurate and otherwise trustworthy.

**DEFENDANTS' REQUESTED JURY INSTRUCTION NO.**

In this case the Plaintiffs claim that the Defendant, Prison Health Services, while acting "under color" of state law, intentionally violated Willie Kimbrough, Jr.'s (WKJ) rights under the Constitution of the United States.

Specifically, the Plaintiffs claim that while Prison Health Services was acting under color of state law as an agent of the Brevard County Sheriff PHS intentionally violated the decedent's rights to due process of law under the Fourteeth Amendment to the Constitution.

More specifically, the Plaintiffs claim that the Defendant was deliberately indifferent to Willie Kimbrough, Jr.'s serious medical needs in violation of Willie Kimbrough, Jr.'s right, as a pretrial detainee, to necessary medical care and attention.

You are instructed that the due process of law clause of the Fourteenth Amendment does entitle anyone who is arrested and detained under state law to necessary medical care. Thus, the Defendant as an agent of the Brevard County Sheriff would violate that constitutional right if PHS is deliberately indifferent to Willie Kimbrough, Jr.'s serious medical needs.

A "serious medical need" is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a lay person would easily recognize the necessity for prompt medical attention.

Notice, however, that deliberate or intentional conduct on the part of PHS is required before any violation of the Constitution occurs. Mere negligence or a lack of reasonable care on the part of PHS is not enough; the Plaintiffs must prove deliberate and intentional conduct resulting in the deprivation of Willie Kimbrough, Jr.'s constitutional rights.

In order to prevail on this claim either Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First:          That Willie Kimbrough Jr., had a "serious medical need," as previously defined;

Second:         That PHS was aware of Willie Kimbrough, Jr.'s serious medical need;

Third:          That PHS with deliberate indifference, failed to provide the necessary medical care;

Fourth:         That in so doing the Defendant acted "under color" of state law; and

Fifth:          That PHS' acts were the proximate or legal cause of damages sustained by Willie Kimbrough, Jr.

In the verdict from that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

With regard to the fourth required element of proof – that PHS acted "under color" of state law – the fact is not disputed in this case and you may accept that fact as proved.

With regard to the fifth required element of proof – that PHS' acts were the proximate or legal cause of damages sustained by Willie Kimbrough, Jr. you are instructed that for damages to be the proximate or legal result of a constitutional deprivation, such damages would not have occurred.

If you find for Plaintiffs and against PHS, you will then consider the Plaintiffs' claims for damages.

In considering the issue of the Plaintiffs' damages, you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiffs' damages, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize the Defendant. Also, compensatory damages must not be based on speculation or guesswork because it is only actual

damages that are recoverable.

On the other hand, compensatory damages are not restricted to actual loss of time or money; they cover both the mental and physical aspects of injury - - tangible and intangible. Thus, no evidence of the value of such intangible things as physical and emotional pain and mental anguish has been or need be introduced. In that respect it is not value you are trying to determine, but an amount that will fairly compensate the Plaintiffs for those claims of damage. There is no exact standard to be applied; any such award should be fair and just in the light of the evidence.

You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence, and no others:

(a)    Physical and emotional pain and mental anguish.

(b)    Nominal damages as explained in these instructions; and

(c)    Punitive damage; if any, as explained in the Court's instructions.

You are authorized to award $1 in nominal damages if you find for either Plaintiff but also find that a Plaintiff's damages have no monetary value.

The Plaintiffs also claim that the acts of PHS were done with malice or reckless indifference to Willie Kimbrough, Jr.'s federally protected rights so as to entitle the Plaintiffs to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiffs, and if you further find that PHS did act with malice or reckless indifference to either Willie Kimbrough, Jr.'s federally protected rights, the law would allow you, in your discretion, to assess punitive damages against PHS as punishment and as a deterrent to others.

If you find that punitive damages should be assessed against PHS, you may consider the financial resources of PHS in fixing the amount of such damages.

Authority: 2.4.2 Civil Rights, 42 U.S.C. §1983 Claims, Fourteenth Amendment Claim Pretrial Detainee Alleging Indifference to Serious Medical Need

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO.

Ordinarily, a corporation — such as Defendant Prison Health Services — is legally responsible for the acts of its employees carried out in the regular course of their job duties as employees. This is known in the law as the doctrine of "respondeat superior", which means "let the superior respond" for any injuries wrongfully caused by its employees in the performance of their jobs. This doctrine does not apply, however, in a case such as this where the Plaintiffs claim a violation of constitutional rights.

So, in this case, Prison Health Services can be held liable only if you find that Prison Health Services, Inc. intentionally violated Willie Kimbrough, Jr.'s rights by its deliberate indifference to serious medical needs, and that the deprivation of Willie Kimbrough, Jr.'s constitutional rights was the direct result of a Prison Health Services' decision, policy, or custom. An entity such as Prison Health Services is responsible only when an injury is inflicted through the execution of its custom or policy, made by those whose edicts or acts may fairly be said to represent official policy, it is not enough merely to show that a Prison Health Services' employee caused the Plaintiff's injury.

A policy or custom means a persistent, widespread, or repetitious course of conduct by policy makers with final authority to establish Prison Health Services' policy with respect to the action ordered. It may be written, or it may be a consistent series of decisions and actions adopted or approved by the policy makers.

Thus, in order to establish their federal claims, Plaintiffs must specifically prove that the deliberate indifference to Willie Kimbrough, Jr.'s serious medical needs was the direct and proximate result of a custom or policy of Prison Health Services.

## <u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO.</u>

In this case the Plaintiffs also claim that PHS, Dr. Aileen Norgell, Beverly Wood and Sandy Latier were negligent, and that such negligence was a legal cause of damages sustained by Willie Kimbrough, Jr. Specifically, the Plaintiffs allege that PHS breached its duty to provide Willie Kimbrough, Jr. the prevailing standard of medical care, skill and treatment recognized as acceptable and appropriate by reasonably prudent similar health care providers in this community.

In order to prevail on this claim of negligence, the Plaintiffs must prove both of the following facts by a preponderance of the evidence:

First: That PHS, Dr. Aileen Norgell, Beverly Wood and Sandy Latier were "negligent;" and

Second: That such negligence was a "legal cause" of damage sustained by the Plaintiffs.

Again, in the verdict form that I will explain in a moment, you will be asked to answer a series of questions concerning each of these factual issues.

Negligence is the failure to use reasonable care. Reasonable care on the part of a health care provider is that level of care, skill and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by similar and reasonably careful health care providers.

Negligence is a "legal cause" of damage if it directly and in natural and continuous sequence produces, or contributes substantially to producing such damage, so it can reasonably be said that, except for the negligence, the loss, injury or damage would not have occurred.

Authority:

1.3 Negligence, Medical Negligence Claim against Hospital and Physician State of Limitations Defense

## **DEFENDANTS' REQUESTED JURY INSTRUCTION NO.**

The Plaintiffs also claim that the acts of PHS were done with malice or reckless indifference to Willie Kimbrough, Jr.'s rights, so as to entitle the Plaintiffs to an award of punitive damages in addition to compensatory damages.

If you find for the Plaintiffs, and you further find that PHS did act with malice or reckless indifference to Willie Kimbrough, Jr.'s rights, the law would allow you, in your discretion, to assess punitive damages against PHS as a punishment and as a deterrent to others.

When assessing punitive damages, you must be mindful that punitive damages are meant to punish the Defendant for the specific conduct that harmed the Plaintiffs in the case, and for only that conduct. For example, you cannot assess punitive damages for the Defendant being a distasteful individual or business. Punitive damages are meant to punish the Defendant for this conduct only and not for conduct that occurred at another time. Your only task is to punish the Defendant for the actions it took in this particular case.

Authority: 2.1 Punitive Damages in General

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO.

Punitive damages are warranted only if you find by "clear and convincing evidence" that the Defendant was guilty of intentional misconduct or gross negligence. "Intentional misconduct" means that the Defendant had actual knowledge of the wrongfulness of its conduct and the high probability that injury or damages to the Plaintiffs would result, and despite that knowledge intentionally pursued that course of conduct, resulting in injury or damages. "Gross negligence" means that the conduct of the Defendant was so reckless or wanting in care that it constituted a conscious disregard or indifference to the life, safety or rights of the persons exposed to that conduct.

"Clear and convincing evidence" differs from the "greater weight of the evidence" in that it is more compelling and persuasive. "Clear and convincing evidence" is evidence that is precise, explicit, lacking in confusion, and of such weight that it produces a firm belief or conviction, without hesitation, about the matter in issue.

If you find for the Plaintiffs and against the Defendant, and you find that Defendant's employees were personally guilty of intentional misconduct or gross negligence which was a substantial cause of loss or damages to the Plaintiffs, then in your discretion you may determine that punitive damages are warranted against the Defendant only if you find that "clear and convincing evidence also shows that:

1)    The Defendant actively and knowingly participated in such conduct, or

2)    The officers, directors or managers of the Defendant knowingly condoned, ratified or consented to that conduct, or

3)    Defendant itself engaged in conduct that constituted gross negligence that contributed to the loss or damages suffered by the Plaintiffs.

"Intentional misconduct" means that the Defendant had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to the Plaintiffs would result, and despite that knowledge intentionally pursued that course of conduct, resulting in injury or damage.

If you find that punitive damages should be assessed against the Defendant, you may consider the financial resources of the Defendant in fixing the amount of such damages.

While compensatory damages are intended to make a plaintiff whole, punitive damages are aimed at the different purposes of deterrence and retribution. A jury may not award `grossly excessive or arbitrary punishments' against the Defendant.

In deciding whether the impose punitive damages, you should consider whether the conduct of the defendant demonstrated not only a reckless disregard of the health or safety Willie Kimbrough, Jr., but also whether the conduct involved repeated actions or was an isolated incident, and whether the harm resulted from intentional malice or reckless indifference to Willie Kimbrough, Jr. as compared to a `mere accident'.

Punitive damages should be awarded `only if the defendant's actions are so reprehensible as to warrant the imposition of further sanctions, to achieve punishment or deterrence'. This amount would be in addition to the compensatory damages you have previously awarded. In making this determination, you should consider the following:

1)    The nature, extent and degree of misconduct and the related circumstances;

2)    The Defendant's financial resources; and

3)    Any other circumstances which may affect the amount of punitive damages.

You may not use evidence of any out-of-state conduct by Defendant to punish the Defendant for its actions in the jurisdiction where this incident occurred.

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO.

If you find for the Plaintiffs you must not take into account any consideration of attorney's fees or court costs in deciding the amount of Plaintiff damages. The matter of attorney's fees and court costs will be decided later by the Court.


Authority: 6.1 Attorneys Fees and Court Costs

## DEFENDANTS' REQUESTED JURY INSTRUCTION NO.

Of course, the fact that I have given you instructions concerning the issue of Plaintiffs' damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority: 7.1 Duty to Deliberate When only the Plaintiff Claims Damages

## **DEFENDANTS' REQUESTED JURY INSTRUCTION NO.**

In reaching your verdict, you are not to be swayed from the performance of your duty by prejudice, sympathy or any other sentiment for or against any party. Your verdict must be based on the evidence that has been received and the law on which I have instructed you.

Reaching a verdict is exclusively your job. I cannot participate in that decision in any way. You should not speculate about how I might evaluate the testimony of any witness or any other evidence in this case, and you should not think that I prefer one verdict over another. Therefore, in reaching your verdict, you should not consider anything that I have said or done, except for my specific instructions to you.

## <u>DEFENDANTS' REQUESTED JURY INSTRUCTION NO.    </u>

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send. that you should not tell me your numerical division at the time.

Authority: 8 Election of Foreperson Explanation of Verdict Form